**FILED**
**CLERK**

8/4/2016 4:26 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
LISA DATIZ,

                  Plaintiff,

           -against-

INTERNATIONAL RECOVERY
ASSOCIATES, INC.,
                Defendant.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
15-CV-3549 (ADS)(AKT)

**APPEARANCES:**

**Barshay Sanders, PLLC**
*Attorneys for the Plaintiff*
100 Garden City Plaza, Suite 500
Garden City, NY 11530
      **By:** David M. Barshay, Esq.
          Craig B. Sanders, Esq., Of Counsel

**Robert L. Arleo, Esq.**
*Attorney for the Defendant*
380 Lexington Avenue, 17th Floor
New York, NY 10168

**SPATT, District Judge**.

       This case arises from a February 13, 2015 letter sent by the Defendant International

Recovery Associates, Inc. (the "Defendant") to the Plaintiff Lisa Datiz (the "Plaintiff") to collect

a $636.15 debt that she owed to John T. Mather Hospital for medical expenses.  The Plaintiff

asserts that the letter violates the provisions of the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692 et seq. (the "FDCPA"), and seeks statutory damages of $1,000, attorneys' fees, and costs.

       Presently before the Court is a motion by the Defendant pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(6) to dismiss the amended complaint.

       For the reasons set forth below, the Defendant's motion is granted in part and denied in

part.

1

# I. BACKGROUND

## A. The Facts

The Plaintiff is a New York citizen. (Am. Compl., Dkt. No. 17 ["Am. Compl."], at ¶ 5.) The Defendant is engaged in the collection of debts allegedly owed by consumers. (Id. at ¶ 8.) Its principal place of business is located in New York. (Id.)

It is undisputed that at some time before February 13, 2015, the Plaintiff received medical services at John T. Mather Hospital. (Compare the Pl.'s Dec. 15, 2015 Opp'n Mem. of Law, Dkt. No. 29 [the Pl.'s Opp'n Mem. of Law"], at 1; with the Def.'s Oct. 19, 2015 Mem. of Law, Dkt. No. 21–1 [the "Def.'s Mem. of Law"], at 1.)

On February 13, 2015, the Plaintiff received a letter from the Defendant (the "February 13, 2015 Letter"), which is reproduced below with the redactions made by the Plaintiff:

### International Recovery Associates, Inc.

File #: ███2533                                    February 13, 2015

Re: John T. Mather Hospital
Balance Due: $636.15
File#: ███2533
Service Date/Last Charge: 07-09-14/07-09-14
Subject:

Dear Sir/Madam:

Please be advised that this account has been listed with our office for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collection agency and this is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Chrisinda Otero
International Recovery Associates, Inc.

New York City License #1005026

(Am. Compl., Ex. 1.)

## B. The Procedural History

On June 17, 2015, the Plaintiff commenced this action by filing a complaint against the Defendant.  (See the Original Compl., Dkt. No. 1.)  The original complaint asserted that the Defendant violated (i) Section 1692f of the FDCPA by using language other than the Defendant's address and business name on the envelope containing the February 13, 2015 Letter; (ii) Section 1692g of the FDCPA by failing explicitly identify the name of the Plaintiff's current creditor; (iii) Section 1692e of the FDCPA "by using a false, deceptive and misleading representation in its attempt to collect a debt" from the Plaintiff; and (iv) Section 349 of the New York General Business Law ("NYGBL") by breaching its duty to collect the Plaintiff's alleged debt with reasonable care.  (Id. at ¶¶ 2–64.)

On September 8, 2015, the Clerk of the Court issued a certificate of default against the Defendant for failing to appear or otherwise respond to the Plaintiff's complaint.

On September 17, 2015, the Plaintiff's counsel, Anthony Barshay, Esq. ("Barshay"), appeared before United States Magistrate Judge A. Kathleen Tomlinson for an initial conference. (See Sept. 17, 2015 Minute Order, Dkt. No. 10.)  During the conference, Barshay indicated that he had been contacted by an attorney for the Defendant, and they had agreed to vacate the certificate of default.  (Id.)

On October 7, 2015, the Defendant filed a Rule 12(b)(6) motion to dismiss the original complaint.  (See the Def.'s Oct. 7, 2015 Mot. to Dismiss, Dkt. No. 15.)

In response, also on October 7, 2015, the Plaintiff filed an amended complaint as a matter of course. (See Am. Compl.) In the amended complaint, the Plaintiff withdrew the first cause of action under the FDCPA for the Defendant's use of allegedly improper language on the envelope containing the February 13, 2015 Letter. She also withdrew the fourth cause of action under the NYGBL. (See id.)

The amended complaint contained two new causes of action, which alleged that the Defendant violated Sections 1692e and 1692g of the FDCPA by maintaining a website that charged a processing fee of $3.00 to consumers who attempted to pay off their debts online. (Id. at ¶¶ 16–24.)

On October 9, 2015, the Court issued an order denying as moot the Defendant's motion to dismiss the original complaint, and granting the Defendant leave to renew its motion in light of the amended complaint. (See the Oct. 9, 2015 Order, Dkt. No. 18.)

## C. The Present Motion

On October 19, 2015, the Defendant filed a second Rule 12(b)(6) motion to dismiss the amended complaint. In its supporting memorandum, the Defendant asserted that the identity of the Plaintiff's creditor, John T. Mather Hospital, was implicitly set forth in the February 13, 2015 Letter and therefore, the Letter did not violate the FDCPA on that basis. (See the Def.'s Mem. of Law at 6–12.) Further, it contended that the Plaintiff's claims under the FDCPA related to a processing fee also failed as a matter of law because the February 13, 2015 Letter made no mention of a processing fee or the Defendant's website. (Id. at 12.)

In response, on December 15, 2015, the Plaintiff filed an opposition memorandum contending that the least sophisticated consumer would be confused by the reference to John T. Mather Hospital in the February 13, 2015 Letter and therefore, the amended complaint does state

4

viable claims under Sections 1692e and 1692g. (See the Pl.'s Opp'n Mem. of Law at 7–13.) In addition, the Plaintiff asserted that a $3.00 processing fee is improper under the FDCPA and that the Defendant's failure to mention such a fee in the February 13, 2015 Letter did not render invalid their FDCPA claims arising from the alleged illegal fee. (See id. at 4–7.)

On January 5, 2016, the Defendant filed a reply memorandum re-emphasizing its argument that the February 13, 2015 Letter adequately identified John T. Mather as the Plaintiff's creditor for purposes the FDCPA. (See the Def.'s Reply Mem. of Law, Dkt. No. 30 [the "Def.'s Reply Mem. of Law"], at 6–10.) It also contended that the Plaintiff failed to offer any legal authority supporting her contention that a defendant could be held liable under the FDCPA for charging an illegal processing fee even though it did not explicitly seek to collect such a fee from the debtor. (See id. at 1–6.)

The Court will, in turn, the address the applicable legal standard, and the parties' arguments with respect to the Plaintiff's four causes of action under the FDCPA.

## II. DISCUSSION

### A. The Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss complaint that "fail[s] to state a claim upon which relief can be granted." When ruling on such a motion, the court "'accept[s] all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" LaFaro v. New York Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009) (quoting Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003)).

However, to survive a 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 570 (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted). Accordingly, unless plaintiffs' well-pleaded allegations have "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 569.

In considering a motion to dismiss, a court is generally "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citing Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002)). "[W]here matter outside the pleadings is offered and not excluded by the trial court, the motion to dismiss should be converted to a motion for summary judgment." Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 202 (2d Cir. 2013) (citing Fed. R. Civ. P. 12(d)).

**B. As to the First Cause of Action**

The first count of the amended complaint asserts a cause of action against the Defendant under Section 1692f of the FDCPA based on allegations that the Defendant forced consumers to

pay a $3.00 processing fee if they chose to use the Defendant's website to pay off their debts. (See Am. Compl. at ¶ 16–24.)

Section 1692f states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The statute sets forth categories of conduct that violate this prohibition, including as relevant here, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Id. at § 1692f(1).

Interpreting this provision, the Second Circuit in Tuttle v. Equifax Check, 190 F.3d 9 (2d Cir. 1999) stated that under the FDCPA, a debt collection agency "may impose a service charge if (i) the customer expressly agrees to the charge in the contract creating the debt or (ii) the charge is permitted by law." Id. at 12. Stated another way:

> If state law expressly permits service charges, a service charge may be imposed even if the contract is silent on the matter;
>
> If state law expressly prohibits service charges, a service charge cannot be imposed even if the contract allows it;
>
> If state law neither affirmatively permits nor expressly prohibits service charges, a service charge can be imposed only if the customer expressly agrees to it in the contract.

Id. (emphasis omitted).

Here, the amended complaint alleges that the Defendant's website charged a processing fee of $3.00 to consumers that was not authorized by an agreement with the Plaintiff or permitted by law. (Am. Compl. at ¶ 22.) Thus, according to the Plaintiff, the amended complaint states a plausible claim under Section 1692f(1). (See the Pl.'s Opp'n Mem. of Law at 4–7.)

On the other hand, the Defendant contends that even if the fee is illegal, the February 13, 2015 Letter contains no reference to a processing fee, nor is there any allegation that the Defendant attempted to collect such a fee from the Plaintiff.  (See the Def.'s Reply Mem. of Law at 1–6.)  Thus, according to the Defendant, the Plaintiff fails to state a plausible claim under Section 1692(f).  (See id.)  The Court agrees.

In Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292 (2d Cir. 2003), a debtor appealed a district court's dismissal of his Section 1692f(1) claim against two law firms for allegedly attempting to collect attorneys' fees from him in violation of Ohio state law and New York's professional ethics rules.  See id. at 307.  The defendant argued that the plaintiff lacked standing to pursue the claim because it was undisputed that the plaintiff never paid any attorneys' fees to the defendants.  Id.  The Second Circuit rejected that argument, reasoning that "[t]he FDCPA provides for liability for attempting to collect an unlawful debt, however, and permits the recovery of statutory damages up to $1,000 in the absence of actual damages."  Id.  Rather, the court held that a plaintiff could maintain a claim under Section 1692f(1) so long as the defendant "attempted to collect money in violation of the FDCPA."  Id. (emphasis in original).

Thus, to state a claim under Section 1692f(1), a plaintiff must at the very least, allege that the defendant attempted to collect a prohibited fee from him or her under the FDCPA.  See id.; see also Rogers v. Capital One Servs., LLC, 447 F. App'x 246, 249 (2d Cir. 2011) (Summary Order) (describing Section 1692f as "a catchall provision prohibiting the use of any 'unfair or unconscionable means to collect or attempt to collect any debt.'") (emphasis added); Salvati v. Deutsche Bank Nat. Trust Co., 575 F. App'x 49, 56 (3d Cir. 2014) ("[T]he Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., which prohibits debt collectors from . . . collecting or

*attempting to collect* amounts not 'expressly authorized by the agreement creating the debt or permitted by law.'") (emphasis added) (quoting 15 U.S.C. § 1692f(1)).

Although there have not been an abundance of cases on the issue, courts have dismissed Section 1692f (1) claims where, as here, there are no allegations that defendants made attempts to collect illegal fees. See Bank v. Cooper, Paroff, Cooper & Cook, 356 F. App'x 509, 511 (2d Cir. 2009) (affirming the dismissal of a Section 1692f claim because the plaintiff "admitted at oral argument . . . that defendants never actually collected a $35 bad check fee," and "[t]herefore, we do not find a violation of section 1692f(1), which prohibits the collection of unauthorized fees."); Riding v. Cach LLC, 992 F. Supp. 2d 987, 998 (C.D. Cal. 2014) (granting a Rule 12(b)(6) motion to dismiss a Section 1692f claim because "Plaintiff does not point to a specific interest, fee, charge, or expense incidental to the principal obligation that Defendants improperly sought to collect"); Richardson v. Midland Funding, LLC, No. CIV. CCB-13-1356, 2013 WL 6719110, at *9 (D. Md. Dec. 18, 2013) (granting a Rule 12(b)(6) motion to dismiss a Section 1692f claim because the plaintiff "alleged no facts demonstrating that the amount [the defendant] seeks to collect was not 'expressly authorized by the agreement creating the debt or permitted by law,' in violation of § 1692f(1)"); Daneshrad v. Cohen & Slamowitz, LLP, No. 05CV2662 (SJF)(ETB), 2009 WL 637888, at *5 (E.D.N.Y. Mar. 9, 2009) (dismissing a Section 1692f claim because, among other reasons, "there is no evidence that the Debt Collector . . . attempted to collect any amount that was not expressly authorized by the Discover Cardmember Agreement.").

Here, the Plaintiff's Section 1692f claim is premised solely on the alleged fact that the Defendant maintained a website that charged consumers a $3.00 processing fee. However, there are no allegations tying the Plaintiff to that website. The February 13, 2015 Letter makes no

mention of a processing fee, nor does it refer the Plaintiff to the Defendant's website. Without more, the Court finds that it is not plausible to conclude that the Defendant collected or attempted to collect a $3.00 processing fee from the Defendant, and therefore, the Plaintiff has not stated a claim under the Section 1692f(1).

The cases cited by the Plaintiff are not to the contrary. In those cases, the defendants did actually attempt to collect allegedly improper fees from the plaintiffs in debt collection letters or by some other means. See Campbell v. MBI Associates, Inc., 98 F. Supp. 3d 568, 571, 579–83 (E.D.N.Y. 2015) (granting a plaintiff's motion for summary judgment on a Section 1692f(1) claim arising from a statement in the debt-collection letter, "There will be a $5.00 processing fee for all credit cards"); White v. Fein, Such & Crane, LLP, No. 15-CV-438 (JTC), 2015 WL 6455142, at *1 (W.D.N.Y. Oct. 26, 2015) (denying a Rule 12(b)(6) motion to dismiss a Section 1692f(1) claim based on allegations that a defendant attempted to collect "attorneys' fees and other costs that were unauthorized by law or an agreement between the debtor and the creditor"); Acosta v. Credit Bureau of Napa Cty., No. 14 C 8198, 2015 WL 1943244, at *1 (N.D. Ill. Apr. 29, 2015) (denying a Rule 12(b)(6) motion to dismiss a Section 1692f(1) claim based on a letter to the plaintiff stating that she could pay her debt "via Credit Card ($14.95 Chase Receivables processing fee where applicable)"); Weast v. Rockport Fin., LLC, 115 F. Supp. 3d 1018, 1020 (E.D. Mo. 2015) (denying a Rule 12(b)(6) motion to dismiss a Section 1692f(1) claim where defendant notified the plaintiff by letter that she would be charged an additional $3.00 convenience fee if she made a payment using a credit or debit card); Quinteros v. MBI Associates, Inc., 999 F. Supp. 2d 434, 436, 437–39 (E.D.N.Y. 2014) (finding that the plaintiff stated a Section 1692f(1) claim based on a debt collection letter stating, "Our office accepts Visa, MasterCard and American Express which you may pay over the phone or online at

www.paymbi.com. There will be a $5.00 processing fee for all credit cards or checks over the phone"); Hallmark v. Cohen & Slamowitz, LLP, 293 F.R.D. 410, 413 (W.D.N.Y. 2013) (denying a Rule 12(c) motion to dismiss a claim by a consumer that a debt collector violated Section 1692f(1) by attempting to charge him $140 in court fees, in addition to his underlying debt); Shami v. Nat'l Enter. Sys., No. 09-CV-722 RRM VVP, 2010 WL 3824151, at *1 (E.D.N.Y. Sept. 23, 2010) (denying a Rule 12(c) motion to dismiss a Section 1692f(1) claim based on a collection letter stating, "Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account").

By contrast, in this case, the Defendant did not send the Plaintiff a debt collection letter that made reference to a $3.00 processing fee or to a webpage that allegedly charged consumers such a fee. There are also no allegations suggesting that the Defendant sought to collect or charge the Plaintiff for anything other than her underlying debt to John T. Mather Hospital. Therefore, even assuming *arguendo* that the $3.00 processing fee on the Defendant's website was not authorized by law or by an agreement with the Plaintiff, there is no allegation that the Defendant actually collected or attempted to collect that fee from the Plaintiff. Accordingly, the Court finds that the Plaintiff's Section 1692f claim fails as a matter of law.

### C. As to the Second Cause of Action

In its second cause of action, the Plaintiff asserts that the Defendant violated Section 1692e of the FDCPA by making a false representation on its website that it is entitled to receive a $3.00 processing fee from consumers that attempt to pay off their debts using the Defendant's website. (See Am. Compl. at ¶¶ 25–32.)

Section 1692e states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

Section 1692e(2) provides that a debt collector may violate this provision by, among other things, "The false representation of--(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Id. at § 1692e(2).

As with the Plaintiff's Section 1692f processing fee claim, the Defendant asserts that the Plaintiff's Section 1692e(2) claim fails because it never made any representations directly to the Plaintiff regarding a processing fee. (See the Def.'s Mem. of Law at 12–13.)

In response, the Plaintiff contends that the alleged misrepresentation on the Defendant's website regarding a processing fee "exists independent of whether such is also stated in the letter sent to [the] Plaintiff." (The Pl.'s Opp'n Mem. of Law at 6.) Thus, according to the Plaintiff, it can form the basis of a plausible Section 1692(e)(2) claim. (See id.) Again, the Court disagrees.

15 U.S.C. § 1692k ("Section 1692k") states in relevant part, "any debt collector who fails to comply with any provision of this subchapter *with respect to any person* is liable to such person in an amount equal to the sum of-- (1) any actual damage sustained by such person; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." Id. (emphasis added).

Although the provision is broad, courts have interpreted the phrase, "with respect to any person," to place some limits on the statutory standing of individuals who can bring FDCPA claims. For example, in Kropelnicki v. Siegel, 290 F.3d 118 (2d Cir. 2002), the plaintiff asserted a claim under Section 1692(e) against a lawyer for, among other things, sending a letter to him and his sister because the letter allegedly contained "false, deceptive, or misleading representations made in connection with the collection of the debt." Id. at 129–30. However,

and of importance, the letter was addressed to the plaintiff's sister and not to the plaintiff.  See id.

On appeal in Kropelnicki, the Second Circuit affirmed the district court's dismissal of the claim for lack of standing.  Id. at 129–130.  Specifically, it found:

> [e]ven if the letter contained language that was threatening or misleading, it was not threatening or misleading as to [the plaintiff] because it was not addressed to her. Put another way, prohibited language in the letter sent to [the plaintiff's sister] cannot create a cause of action for [the plaintiff] merely because she read the letter containing the threat. Accordingly, we conclude that there is no set of facts under which [the plaintiff] could state a claim based on the October 28 letter.

Id. at 129–130.

Similarly, in Sibersky v. Goldstein, 155 F. App'x 10 (2d Cir. 2005) (Summary Order), the plaintiff sued a debt collector under Sections 1692e(5), 1692e(11), and 1692g for sending him and his wife a letter that allegedly failed to disclose that the defendant was intending to collect a debt, improperly threatened to collect a debt, and failed to properly verify the plaintiff's debt.  In a summary order, the Second Circuit affirmed the district court's dismissal of the plaintiff's FDCPA claims because it found that "the record indicates not only that [the plaintiff] is not the debt consumer to whom the offending letters were directed, but also that he neither stands in the shoes of that consumer, . . . nor has pleaded injurious exposure to the debt collection letters at issue."  Id. at 11.  It further noted, "When an FDCPA complaint alleges that a letter communicates faulty notice pursuant to §§ 1692e(11) and 1692g, or threats violative of § 1692e(5), for the offending communication to be 'with respect to' a person other than the debt consumer or someone standing in the consumer's shoes, that person would have to plead some injurious exposure to the communication to have standing to sue."  Id. at *11–12.

In Sibersky, the letter was addressed the plaintiff's wife, and the complaint only alleged that the plaintiff's wife had exposure to the offending communication, and not the plaintiff

himself.  Id. at *12.  Thus, the Second Circuit found that the district court correctly ruled that the plaintiff lacked standing to bring his FDCPA claims arising from that letter.  Id. at *12.

Although Sibersky is a not precedential because it is a summary order, lower courts have found its reasoning persuasive and endorsed its approach.  See Andino v. Mercantile Adjustment Bureau, LLC, No. 14-CV-59-JTC, 2016 WL 651930, at *7 (W.D.N.Y. Feb. 18, 2016) ("This court finds the rationale of Sibersky and Barasch compelling, and the precedent controlling."); Schwartz v. Resurgent Capital Servs., LP, No. 08 CV 2533 (NG)/(RML), 2009 WL 3756600, at *3 (E.D.N.Y. Nov. 9, 2009) ("Although Sibersky is a nonprecedential decision issued before January 1, 2007, its reasoning is persuasive and it is consistent with other case law, just cited, in this circuit."); see also Kinkade v. Estate Info. Servs., LLC, No. CV 11-4787 AKT, 2012 WL 4511397, at *4 (E.D.N.Y. Sept. 28, 2012) ("Under Sibersky, in order to have standing, Plaintiff must: (1) be a consumer; (2) stand in the shoes of the consumer; or (3) allege injurious exposure.");   Bank v. Pentagroup Fin., LLC, No. 08-CV-5293 (JG) (RML), 2009 WL 1606420, at *3 (E.D.N.Y. June 9, 2009) (same).

Accordingly, the reasoning of Kropelnicki and Sibersky suggest that for a plaintiff to have standing under Section 1692k to assert an FDCPA claim, he or she (1) must be the consumer to whom the offending communication was addressed; (2) stand in the shoes of the consumer; or (3) allege injurious exposure to the communication.

Here, the Plaintiff seeks to bring a claim under Section 1692e(2)(A) arising from a representation on the Defendant's website that consumers are required to pay a $3.00 processing fee if they choose to pay their debts online.  (See Am. Compl. at ¶¶ 16–24.)  The amended complaint alleges that this representation is false and misleading because the Defendant is not legally entitled to collect such a fee.  (Id. at ¶ 29.)

However, as discussed earlier, the February 13, 2015 Letter does not mention a processing fee or refer to the Defendant's website. Also of importance, the amended complaint does not allege that the Plaintiff ever visited the Defendant's website, let alone viewed the offending statement on the website. Accordingly, even assuming that the representation on the Defendant's website regarding a processing fee was false or misleading, there are no allegations suggesting that the representation was addressed to the Plaintiff or that the Plaintiff was injuriously exposed to the representation. See Barasch v. Estate Info. Servs., LLC, No. 07-CV-1693 NGG/MDG, 2009 WL 2900261, at *4 (E.D.N.Y. Sept. 3, 2009) ("Although Plaintiff claims that she read the debt collection letter and was harmed, no supporting facts have been presented to the court whatsoever. Most importantly, there is no evidence—or explanation—of the injury that Plaintiff has suffered by reading the challenged communication. Simply reading the communication cannot qualify Plaintiff for standing under Sibersky.").

For that reason, the Court finds that the Plaintiff does not have standing under Section 1692k to assert an FDCPA claim on the basis of an alleged misrepresentation on the Defendant's website. See Sibersky, 155 F. App'x 10, 11 (2d Cir. 2005) (dismissing FDCPA claim because "the record indicates not only that Sibersky is not the debt consumer to whom the offending letters were directed, but also that he neither stands in the shoes of that consumer, . . . nor has pleaded injurious exposure to the debt collection letters at issue."); Schwartz, 2009 WL 3756600, at *4 (finding that a plaintiff lacked standing to bring Section 1692e claim because the offending letter was not addressed to him, and he conceded in his briefing that "he experienced no actual damages and has alleged no other injury in the complaint").

**D. As to the Third Cause of Action**

In the third cause of action, the Plaintiff asserts that the Defendant violated Section 1692g(a)(2) of the FDCPA because she contends that the February 13, 2015 Letter failed to adequately identify the name of the creditor to whom she owed a debt.

The Defendant asserts that this claim fails as a matter of law because the Letter clearly implies that John T. Mather Hospital is the Plaintiff's creditor. (See the Def.'s Mem. of Law at 6–11.) The Court disagrees.

"As a response to 'the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid,' S. Rep. No. 95–382, at 4 (1977), as reprinted in 1977 U.S.C.C.A.N. 1695, 1699, the FDCPA gives the consumer the right to dispute a debt claimed by a debt collector, and to seek verification of the validity of the debt." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 89 (2d Cir. 2008) (citing 15 U.S.C. § 1692g(b)). "Significantly, the FDCPA does not assume that the recipient of a collection letter is aware of her right to require verification of the debt. Instead, the Act requires the debt collector, as the party in the better position to know the law, to inform the consumer of that right." Id.

To help facilitate this right, Section 1692g(a) states that in the initial communication with a debtor, or within five days of the initial communication, "a debt collector *shall* . . . send the consumer a written notice[,]" which contains the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt

collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C.A. § 1692g(a) (emphasis added).

"In this Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" Jacobson, 516 F.3d at 90 (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)).  The least sophisticated consumer standard is "an objective standard, designed to protect all consumers, 'the gullible as well as the shrewd.'"  Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010) (quoting Jacobson, 516 F.3d at 90).  According to the Second Circuit, "[t]he standard effectively serves its dual purpose: it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices."  Clomon, 988 F.2d at 1320.

Under the least sophisticated consumer standard, "[t]o satisfy § 1692g(a), the debt collector's notice must state the required information 'clearly enough that the recipient is likely to understand it.'" Janetos v. Fulton Friedman & Gullace, LLP, --- F.3d ----, No. 15-1859, 2016 WL 1382174, at *3 (7th Cir. Apr. 7, 2016); see also Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("We recognize there are many cunning ways to circumvent § 1692g under cover of technical compliance, . . . , but purported compliance with the form of the statute should not be given sanction at the expense of the substance of the Act."); Eun Joo Lee v. Forster & Garbus LLP, 926 F. Supp. 2d 482, 486 (E.D.N.Y. 2013) ("'Ultimately, the critical question [in

determining whether a communication violates the FDCPA] is . . . whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message.'") (alteration in original) (quoting Weiss v. Zwicker, 664 F.Supp.2d 214, 216 (E.D.N.Y. 2009)).

The Second Circuit appears not to have directly addressed how clearly a debt collection notice must identify the name of the creditor to whom the debt is owed in order to satisfy the validation requirements of Section 1692g(a)(2). See Clomon, 988 F.2d at 1319 (noting that although "[o]ne court has held, for example, that collection notices are not deceptive simply because certain essential information is conveyed implicitly rather than explicitly . . . We do not, of course, have occasion here to adopt other courts' interpretations of the least-sophisticated-consumer standard.").

Other courts have differed in how rigorously they apply the least sophisticated consumer standard to Section 1692g(a)(2) claims. For example, in Janetos v. Fulton Friedman & Gullace, LLP, supra, a group of debtors owed money to Asset Acceptance ("Asset"), and Fulton Friedman & Gullace, LLP ("Fulton") was Asset's debt collector. 2016 WL 1382174 at *1–2. Fulton sent letters to the plaintiffs with the following heading:

> Re: Asset Acceptance, LLC Assignee of
> AMERISTAR
> Original Creditor Acct # : XX0682
> Fulton, Friedman & Gullace, LLP Acct # :
> XXXXXX2109
> Balance Due: $17479.24

Id. at *2. The letters further provided, "Please be advised that your above referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman & Gullace, LLP." Id.

The plaintiffs in Janetos brought an action under the FDCPA, alleging among other things, that the letters violated Section 1692g(a)(2) by failing to identify the current creditor or

18

owner of the debt.  Id. at *2.  On appeal, the Seventh Circuit found that the defendant's letter had

failed to comply with the plain language of Section 1692g(a)(2) because "[n]owhere did the

letter[s] say that Asset Acceptance currently owned the debts in question."  Id. at *3.  The fact

that the letters referenced Asset Acceptance was not sufficient because, according to the circuit

court, "[t]he Act required Fulton's letter to identify Asset Acceptance as the 'creditor to whom

the debt is owed.'"  Id. (quoting 15 U.S.C. § 1692g(a)(2)).  The circuit court also found that the

letters made the identity of the plaintiff's current creditor even more confusing by stating that the

"the referenced account 'has been transferred from Asset Acceptance, LLC, to Fulton, Friedman

& Gullace, LLP.'"  Id.  In so doing, the court found that the letters "left the impression that Asset

Acceptance may well have transferred ownership of the debts to Fulton."  Id. at *5.  Based on

these facts, the Seventh Circuit found that the letters violated Section 1692g(a)(2).

Similarly, in Eun Joo Lee v. Forster & Garbus LLP, 926 F. Supp. 2d 482, 487 (E.D.N.Y.

2013), the debt collection letter at issue had a line at the top of the letter that read, "AMOUNT

DUE: $2,812.15," followed by reference and account numbers for the debt and a line that read,

"Re: NCOP XI, LLC A/P/O CAPITAL ONE."  NCOP XI, LLC ("NCOP")."  Id.  The district

court found that the plaintiff had stated a plausible claim for the violation of Section 1692g(a)(2)

because although the letter mentioned NCOP twice, it did "not clearly and effectively convey its

role in connection with the debt."  Id. at 487.  Further, the court found that "[l]isting NCOP on

the reference lines, particularly when followed by the unusual abbreviation 'A/P/O' and the

name of the original creditor, easily could have failed to alert the least sophisticated consumer

that her debt was now owned by NCOP."  Id.

By contrast, the Defendant relies on Wright v. Phillips & Cohen Associates, Ltd., No. 12

CV 4281 (DRH) (GRB), 2014 WL 4471396, at *4 (E.D.N.Y. Sept. 10, 2014). There, a debt

collection letter identified "Fingerhut" as the "Original Creditor," and "Portfolio Asset Group" or "PAG" as the "Client." Id. at *1. The letter went on to state, "Your account has been referred to our office for collection on behalf of our above referenced client." Id. Although the letter referred to PAG as a client rather than the current creditor, the court found that the statement that the debt collector intended to collect on behalf of its client, PAG, implicitly suggested that PAG was the current creditor to whom the plaintiff owed a debt. Id. at *5. Thus, the court concluded that "[t]he least sophisticated consumer would have known, after reading the entirety of the letter, that [d]efendant sought to collect a debt on behalf of PAG, and that PAG was, therefore, the current creditor to whom he owed his debt." Id.

The Defendant also cites to Daly v. Capital Mgmt. Servs., LP, No. 15-CV-364-JTC, 2015 WL 4662759, at *3 (W.D.N.Y. Aug. 6, 2015). In that case, the caption of the letter correctly identified Department Stores National Bank ("DSNB") as the current creditor. However, the body of letter stated that the debt collector "has been engaged by Bloomingdale's to resolve your delinquent debt" and that any payments should be made directly to DSNB. Id. Applying the least sophisticated consumer standard, the court found that the language in the body of the letter referring to Bloomingdales did not overshadow or contradict the information in the caption of the letter listing DSNB as the current creditor because another statement in the letter indicated that the plaintiff should pay DSNB directly. Id. The district court found that this statement made it reasonably clear that DSNB, not Bloomingdales, was the plaintiff's current creditor. Id.; see also Olson v. Wilford, Geske & Cook, P.A., No. CIV. 12-1895 (DWF)(JJG), 2013 WL 489040, at *4 (D. Minn. Feb. 8, 2013) (finding that a letter that identified two entities as the plaintiff's creditors did not violate Section 1692g(a)(2) because the notice made clear that the debt collector was working on behalf of the current creditor); Hernandez v. Affiliated Grp., Inc., No.

04CV4467(JG), 2006 WL 83474, at *2 (E.D.N.Y. Jan. 12, 2006) (finding that a statement on the back of a debt collection letter identifying the current creditor as the "owner of one or more of your accounts" was sufficient for purposes of Section 1692g(a)(2)).

In the present case, it is undisputed that John T. Mather Hospital is the current creditor to whom the Plaintiff owes a debt. However, the February 13, 2015 Letter does not make this explicit. Rather, the caption of the Letter reads,

> Re:     John T. Mather Hospital
> Balance Due:  $636.15
> File #:  ██2553
> Service Date/Last Charge:     07-09-14/07-09-14

(Am. Compl., Ex. 1.)

The cases above suggest that a debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed. See Janetos, 2016 WL 1382174 at *3 ("[S]tanding alone the fact that the form letter included the words 'Asset Acceptance, LLC' did not establish compliance with § 1692g(a)(2). The Act required Fulton's letter to identify Asset Acceptance as the 'creditor to whom the debt is owed.' 15 U.S.C. § 1692g(a)(2). The letter had to make that identification clearly enough that the recipient would likely understand it."); Forster & Garbus LLP, 926 F. Supp. 2d at 487 ("NCOP was the entity to which Plaintiff owed money and it is mentioned in the Collection Letter twice, but the letter does not clearly and effectively convey its role in connection with the debt.").

Thus, the Court finds the fact that the caption February 13, 2015 Letter lists John T. Mather Hospital is not, without more explanation, sufficient to satisfy Section 1692g(a)(2) because it does not identify the Hospital as the Plaintiff's current creditor.

Further, the body of the February 13, 2015 Letter does not make clear who the Defendant, as the debt collector, is acting on behalf in sending the Letter.  Rather, the letter states, "Please be advised that this account has been listed with our office for collection."  (Id.) It does not specify who the Defendant represents, nor where the Plaintiff could send a direct payment.  Thus, in the Court's view, unlike the letters at issue in Wright and the other cases cited by the Defendant, the February 13, 2015 Letter does not implicitly suggest that John T. Mather Hospital is the Plaintiff's current creditor, nor does it make clear what, if any, relationship the Hospital has to the Defendant or the Plaintiff's underlying debt.  Cf. Wright, 2014 WL 4471396 at *5 ("Although Defendant included the name of the current creditor, PAG, next to the label 'Client,' rather than explicitly stating that PAG is the current creditor, any confusion such a label may have caused was alleviated by Defendant's plain statement that the debt Defendant intended to collect was 'on behalf of our above referenced client,' i.e., PAG."); Daly, 2015 WL 4662759 at *3 (finding that a letter did not violate Section 1692g(a)(2) because the letter identified DSNB as the direct creditor and directed the debtor to make payment to DSNB).

The Court acknowledges that there is some force to the Defendant's argument that the least sophisticated consumer could discern from this letter that John T. Mather Hospital is the current creditor on the Plaintiff's account.  For instance, unlike the letters in Janetos and Lee, the February 13, 2015 Letter does not suggest that any other entity could be the Plaintiff's creditor, nor that the Plaintiff's debt was transferred to an entity other than John T. Mather Hospital  See Janetos, 2016 WL 1382174 at *5 ("Here, the letters Fulton sent did not actually identify Asset Acceptance as the current creditor at all, and in fact leave the impression that Asset Acceptance may well have transferred ownership of the debts to Fulton."); Lee, 926 F. Supp. 2d at 487 ("Listing NCOP on the reference lines, particularly when followed by the unusual abbreviation

'A/P/O' and the name of the original creditor, easily could have failed to alert the least sophisticated consumer that her debt was now owned by NCOP.").

However, the FDCPA is intended to "ensure the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices." <u>Kropelnicki</u>, 290 F.3d at 127 (internal quotation marks and citation omitted). The Court is not convinced that the least sophisticated consumer would be able to deduce from the caption, "Re: John T. Mather Hospital," that John T. Mather Hospital is the current creditor to whom the Plaintiff's debt is owed for purposes of Section 1692g(a)(2), particularly given the fact that the Letter does not specify the Defendant's relationship to John T. Mather Hospital. For that reason, the Court finds that the Plaintiff has stated a plausible claim that the Defendant violated Section 1692g(a)(2) and therefore, denies the Defendant's motion to dismiss that claim.

**E. As to the Fourth Cause of Action**

In its fourth cause of action, the Plaintiff asserts that the Defendant also violated Section 1692e by failing to "clearly and accurately identify the creditor whom the debt is owed[.]" (Am. Compl. at ¶ 58.)

As noted earlier, Section 1692e states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.A. § 1692e.

The Defendant does not move separately to dismiss this claim. Rather it argues that the Plaintiff's Section 1692g(a)(2) claim, discussed above, and its Section 1692e claim fail for the same reason — namely, the February 13, 2015 Letter does sufficiently identify John T. Mather Hospital as the Plaintiff's current creditor. (<u>See</u> the Def.'s Mem. of Law at 6–11.).

The Court has already found that the Plaintiff has stated a plausible claim that the February 13, 2015 Letter does not sufficiently identify John T. Mather Hospital as the Plaintiff's current creditor. Thus, for the same reasons discussed above, the Court also denies the Defendant's motion to dismiss the Plaintiff's fourth cause of action under Section 1692e.  Cf. Lee. 926 F. Supp. 2d at 486–88 (finding that a defendant's failure to sufficiently identify the plaintiff's current creditor stated a plausible claim for the violation of Section 1692e *and* Section 1692g).

### III. CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss the Plaintiff's first and second causes of action is granted; and the Defendant's motion to dismiss the Plaintiff's third and fourth causes of action is denied.

The case is referred to United States Magistrate Judge A. Kathleen Tomlinson for discovery.

**SO ORDERED.**
Dated: Central Islip, New York
August 4, 2016


        */s/ Arthur D. Spatt*
        ARTHUR D. SPATT
        United States District Judge