UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
LISA DATIZ,

                Plaintiff,

   -against-

INTERNATIONAL RECOVERY ASSOCIATES, INC.

                Defendant.
-------------------------------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER**
15-cv-3549 (ADS)(AKT)

**APPEARANCES:**

**Sanders Law, PLLC**
*Attorneys for the Plaintiff*
100 Garden City Plaza
Suite 500
Garden City, NY 11530
     By:    Craig B. Sanders, Esq.,
             David M. Barshay, Esq., Of Counsel

**The Law Office of Robert L. Arleo, Esq.**
*Attorney for the Defendant*
380 Lexington Avenue
17th Floor
New York, NY 10168
     By:    Robert L. Arleo, Esq., Of Counsel

**SPATT, District Judge**:

       This action arises out of a letter that the Defendant International Recovery Associates, Inc. (the "Defendant") sent to the Plaintiff Lisa Datiz (the "Plaintiff") to collect a debt that she owed to John T. Mather Hospital for medical expenses. The Plaintiff alleged various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). Upon a motion to dismiss pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6) by the Defendant, the Court dismissed two of the Plaintiff's four claims. The Court denied the Defendant's motion for dismissal as to two of the Plaintiff's claims.

1

Presently before the Court are two motions by the Defendant related to the Court's decision denying its motion to dismiss those two claims: a motion for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292 ("Section 1292"); and a motion to vacate that portion of the order pursuant to Rule 60(b). For the following reasons, the Defendant's motions are denied.

## I. BACKGROUND

### A. The Relevant Facts

The Court previously related the underlying facts in its memorandum of decision and order dated August 4, 2016. (ECF No. 33); *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-cv-3549, 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016). For purposes of these motions, familiarity with the underlying facts is generally presumed. However, because it is central to the Defendant's motions, the Court reproduces the letter at issue:

**International Recovery Associates, Inc.**

| | | |
|---|---|---|
| File #: | ▮2533 | February 13, 2015 |

| | |
|---|---|
| Re: | John T. Mather Hospital |
| Balance Due: | $636.15 |
| File#: | ▮2533 |
| Service Date/Last Charge: | 07-09-14/07-09-14 |
| Subject: | |

Dear Sir/Madam:
Please be advised that this account has been listed with our office for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collection agency and this is an attempt to collect a debt and any information obtained will be used for that purpose.

>Sincerely,
>
>Chrisinda Otero
>International Recovery Associates, Inc.
>
>>New York City License #1005026

## B. Relevant Procedural History

On June 17, 2015, the Plaintiff commenced this action by filing a complaint against the Defendant. The original complaint asserted three causes of action under the FDCPA and one under the New York General Business Law ("the NYGBL").

In response to a motion to dismiss filed by the Defendant, the Plaintiff filed an amended complaint as a matter of right on October 7, 2015.

The Plaintiff's amended complaint asserted four causes of action under the FDCPA. Specifically, the Plaintiff alleged that the Defendant: charged an unlawful credit card processing fee on its website in violation of 15 U.S.C. §§ 1692f and e; and failed to identify the name of the Plaintiff's current creditor in violation of 15 U.S.C. § 1692g and e.

On October 19, 2015, the Defendant filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6).

On August 4, 2016, the Court granted the Defendant's motion to dismiss in part and denied it in part (the "August 4, 2016 Order"). The Court dismissed the Plaintiff's claims that related to the credit card fee, but denied the Defendant's motion to dismiss the Plaintiff's claims related to the Defendant's alleged failure to identify the Plaintiff's current creditor.

On August 16, 2016, the Defendant moved for an order certifying, for an interlocutory appeal, the Court's denial of its motion for dismissal.

On October 10, 2016, the Defendant also moved to vacate that portion of the Court's decision pursuant to Rule 60(b).

## II. DISCUSSION

The Court will first address the motion to vacate, because if the Court were to grant the Defendant's motion to vacate, the Defendant's motion for an interlocutory appeal would be rendered moot.

### A. As to the Defendant's Motion Pursuant to Rule 60(b) to Vacate the Court's Denial of Its Motion to Dismiss

Rule 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b).

The purpose of Rule 60(b) is to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). The Rule provides "extraordinary judicial relief," and it should be "invoked only upon a showing of exceptional circumstances." *Id.*; *see also United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief from judgment is generally not favored . . . ."). The Rule should not be used to "relitigate matters settled by the original judgment." *Donovan v. Sovereign Sec. Ltd.,* 726 F.2d 55, 60 (2d Cir. 1984).

Here, the Defendant moves to vacate the Court's order that denied its motion to dismiss, which by definition is not a final order. The decision allowed the case to continue to trial—it was not a final order ending the case.

The Defendant does not cite any precedent which stands for the proposition that a Rule 60(b) motion is the proper vehicle for vacating an order *denying* a motion to dismiss. A denial of a motion to dismiss is not a final judgment, and therefore the Court denies the Defendant's motion

on procedural grounds. The court in *In Re Palermo*, No. 08-cv-7421, 2011 WL 446209 (S.D.N.Y. Feb. 7, 2011) stated clearly:

> As a threshold matter, Rule 60(b) applies only to "final" judgments. The standard test for whether a judgment is "final" for Rule 60(b) purposes is "whether the judgment is sufficiently 'final' to be appealed." *Alvarez v. American Airlines Inc.,* No. 98-cv-1027, 2000 WL 145746 at *1 (S.D.N.Y. Feb. 8, 2000). A judgment is final such that it may be appealed if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233 (1945). The Court's October 25 denial of the motion to dismiss did not end the litigation on the merits. Rather, that decision allowed the litigation to continue to trial. Because the order was not "final" and thus not a "final judgment," Rule 60(b) is inapplicable in this case.

*Id.* at *4.

Similarly, in the present case, the Court's order denying the Defendant's motion to dismiss was not final because it allowed the case to continue to trial. Therefore, Rule 60(b) is inapplicable in this case. Rather, "the only ground available for [the Defendant] to move for reconsideration is under Local Civil Rule 6.3." *Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of N.Y. Mellon*, No. 11 CIV. 5459 WHP, 2013 WL 593766, at *2 (S.D.N.Y. Feb. 14, 2013) (quoting *Palermo*, 2011 WL 446209, at *4)). Or, the Defendant could move for summary judgment now that it has more evidence which it believes to be favorable.

Whatever vehicle the Defendant chooses moving forward, Rule 60(b) is not available to it at this time. *See also Prestia v. Colvin*, No. 6:13-cv-01559, 2016 WL 3512220, at *1 (N.D.N.Y. June 22, 2016) ("Motions for reconsideration can be made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") only where the subject order is final."); *Kittay v. Korff,* 08–CV–7421, 2011 WL 446209, at *4 (S.D.N.Y. Feb. 4, 2011) ("Because a denial of a motion to dismiss is an interlocutory order from which no appeal lies . . . a motion pursuant to 59(e) to modify this order is procedurally improper . . . [and] the only ground available for [defendant] to move for reconsideration is under Local Civil Rule 6.3."); *Floyd v. City of New York,* 813

5

F. Supp. 2d 457, 464 (S.D.N.Y. 2011) ("Because that decision did not fully adjudicate the parties' claims, it was not appealable and thus not final for the purposes of Rule 60(b).") *Certain Underwriters at Lloyd's v. Milberg LLP*, No. 08 CIV. 7522 LAP, 2010 WL 1838886, at *5 (S.D.N.Y. May 4, 2010) ("Defendants, however, fail to note that Rule 60(b) expressly applies only to final judgments."); *Hafferman v. Westinghouse Elec. Corp.*, 653 F. Supp. 423, 426 (D.D.C. 1986) ("Rule 60(b) has no bearing in this case, however, because it only deals with final orders. Denial of a motion to dismiss [] [] is clearly not a final order.") (citing *Watwood v. Barber,* 70 F.R.D. 1, 8 (N.D. Ga. 1976))

This point is emphasized by the fact that the Defendant also moved for a certificate of appealability of the Court's decision *that was not a final order.* (*See* Def.'s Mem. of Law ECF 34-1 at 3 ("Section 1292(b) of Title 28 provides a mechanism for permissive appeals of non-final orders that are otherwise not appealable as of right under Section 1291.")). Defendant's motion for an interlocutory appeal states that the Court's order denying its motion to dismiss was not a final order.

Accordingly, the Defendant's motion to vacate the Court's order denying its motion to dismiss pursuant to Rule 60(b) is denied as procedurally improper.

**B. As to the Defendant's Motion for an Order Certifying the Case for an Interlocutory Appeal**

**1. The Legal Standard**

Normally, appeals are reserved for final judgments. *See* 28 U.S.C. § 1291. However, Section 1292(b) provides a vehicle for litigants to file interlocutory appeals in "exceptional circumstances." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990). Specifically, Section 1292(b) states:

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Therefore, three criteria must be met under Section 1292(b): 1) the order from which the movant is seeking to appeal must involve a controlling question of law; 2) there is substantial ground for a difference of opinion as to that controlling question of law; and 3) an immediate appeal may materially advance the ultimate termination of the litigation. *Casey v. Long Island R.R. Co.,* 406 F.3d 142, 146 (2d Cir. 2005). All three of the criteria must be met in order for a court to grant certification. *Id.*

"[I]nterlocutory appeals are presumptively disfavored," *Cotterell v. Gilmore*, No. 12-cv-3808, 2015 WL 6550761, at *2 (E.D.N.Y. Oct. 27, 2015) (quoting *Garber v. Office of the Com'r of Baseball*, 120 F.Supp.3d 334, 337 (S.D.N.Y. 2014), and the Second Circuit has "urge[d] the district courts to exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992); *see also In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("As we have repeatedly cautioned, however, use of this certification procedure should be strictly limited because only 'exceptional circumstances' will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." (internal quotation marks omitted)).

Furthermore, even where all three criteria are met under Section 1292(b), "district courts have unfettered discretion to deny certification if other factors counsel against it." *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 141 (E.D.N.Y. 2015) (Spatt, J.) (quoting *In re*

*Air Crash at Georgetown, Guyana on July 30, 2011,* 33 F.Supp.3d 139, 155 (E.D.N.Y.2014)). Said differently, "[t]he certification decision is entirely a matter of discretion for the district court." *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 36 (2d Cir. 2014) (per curiam).

### 2. Application to the Present Case

While an appeal could certainly terminate the case, because a reversal of a denial of a motion to dismiss will always do so, this is not an exceptional case. It is similar to any other case where a defendant's motion to dismiss has been denied. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014) ("[O]btaining reversal of an opinion denying a motion to dismiss will *always* contain the possibility of a dismissal and is not an 'exceptional circumstance' that 'justif[ies] a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978)). Rather than litigate the merits of the case, the Defendant has sought to use any procedural vehicle under the sun to create "protracted and expensive litigation." *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 172 (S.D.N.Y. 1987).

Initially, the Court disagrees that a controlling question of law is at issue. Whether the "least sophisticated" debtor would have been confused by the Defendant's letter is a question that involves analysis of the totality of the circumstances. *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) ("[O]ur Circuit's least sophisticated consumer standard is an objective analysis that seeks to protect the naive from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters.") (internal citations and quotation marks omitted). It is not a "pure question of law that the

8

reviewing court could decide quickly and cleanly . . . ." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013).

The Second Circuit has already answered the legal question regarding how debt letters should be evaluated under the FDCPA: from the perspective of the least sophisticated consumer. *See Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Since *Clomon*, the Second Circuit has issued approximately twenty decisions related to that standard. The Defendant assumes that the Second Circuit would now revisit *Clomon* and make a bright line rule as to where and how often "the name of the creditor to whom the debt is owed," 15 U.S.C. § 1692(g), must appear. This Court disagrees. "Contrary to the [Defendant's] contentions, he does not seek clarification on a question of law, he seeks to have the Court of Appeals re-apply the facts of this case to the exact same legal framework in the hopes that the reviewing court's outcome will be more favorable to him." *Cotterell*, 2015 WL 6550761, at *2 (Spatt, J.); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014) ("[A] motion for certification may not be used to simply 'repeat arguments made in a motion to dismiss.'") (quoting *S.E.C. v. Gruss,* No. 11-cv-2420, 2012 WL 3306166, at *4 (S.D.N.Y. Aug. 13, 2012)).

This also speaks to the second prong. "A substantial ground for difference of opinion 'arise[s] out of a genuine doubt as to whether the . . . court applied the correct legal standard,' such as if there is 'conflicting authority' or if the issue is 'particularly difficult and of first impression' in the jurisdiction." *Frederick v. Capital One (USA) N.A.*, No. 14-CV-5460, 2015 WL 8484560, at *3 (S.D.N.Y. Dec. 8, 2015) (quoting *Consub Del. LLC v. Schahin Engenharia Limitada,* 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007)). Even assuming that the question of how clearly a creditor's name must be stated in a debt collection letter is a question of first impression, "the Second Circuit has cautioned that 'the mere presence of a disputed issue that is a question of first impression,

9

standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" *Jackson*, 88 F. Supp. 3d at 142 (Spatt, J.) (quoting *In re Flor,* 79 F.3d 281, 284 (2d Cir. 1996)).

However, the Defendant is not saying that the Court applied the incorrect legal standard. The Defendant wants the Second Circuit to apply the existing standard differently. Even if the application of the standard to these facts is "difficult," Section 1292(b) is "not a vehicle to provide early review of difficult rulings in hard cases." *Linde v. Arab Bank, PLC*, 97 F. Supp. 3d 287, 310 (E.D.N.Y. 2015).

As this Court has previously stated:

> Under [the Defendant's] interpretation of this statutory provision, *every district court order* would provide grounds for a "substantial difference of opinion" warranting interlocutory appeal because the unsuccessful litigant would presumably disagree with that order. Had Congress thought fit to make mere dissatisfaction with any district court order the sole and satisfactory ground for immediate appeal, it would have devised a system of piecemeal appeals. However, that is not the system in which this Court operates.

*Cotterell v. Gilmore*, No. 12-cv-3808, 2015 WL 6550761, at *3 (E.D.N.Y. Oct. 27, 2015) (Spatt, J.) (quoting *Analect LLC v. Fifth Third Bankcorp,* 06–cv–891, 2009 WL 2568540, at *5 (E.D.N.Y. Aug. 19, 2009)).

Accordingly, under the facts and circumstances of this case, the Court denies the Defendant's motion for certification for interlocutory appeal.

### III. CONCLUSION

For the reasons stated above, the Court denies the Defendant's motion to vacate the Court's August 4, 2016 Order pursuant to Rule 60(b) and denies the Defendant's motion for certification for an interlocutory appeal pursuant to Section 1292(b).

The matter is respectfully referred to Magistrate Judge A. Kathleen Tomlinson for the remainder of discovery.

It is **SO ORDERED:**

Dated: Central Islip, New York

January 4, 2016

                                                         */s/ Arthur D. Spatt*

                                                ARTHUR D. SPATT

                                                United States District Judge