UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LISA DATIZ,

                                                                    **ORDER**

                   Plaintiff,                                CV 15-3549 (ADS) (AKT)

       - against -

INTERNATIONAL RECOVERY
ASSOCIATES,

                   Defendant.
------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

        On March 3, 2017, Defendant International Recovery Associates ("Defendant") filed a letter motion asserting that "Plaintiff would not abide by the stipulation [purportedly entered into on the record during the August 23, 2016 status conference] between the parties that [they] would not move for summary judgment and that the above-entitled lawsuit would be tried before a jury." DE 51 at 1.[1] Specifically, Defendant argues that "[v]ia his representations before [this Court] at the August 23, 2016 conference, Mr. Barshay bound the Plaintiff to her stipulation regarding waiving summary judgment and proceeding to trial." *Id*. at 3. Thus, according to Defendant, the putative "stipulation" entered into between the parties during the August 23, 2016 conference constituted a "strategic litigation decision to waive summary judgment and proceed to [a] jury trial and the Plaintiff must be bound thereto." *Id*.

---

[1]     Defendant filed a previous letter motion [DE 49] on February 8, 2017 seeking a "telephonic conference" to address the issue that is the subject of the instant motion. However, in light of the fact that the Court is rendering a decision regarding the merits of the instant motion in this Order, the Court finds Defendant's previous motion [DE 49] to be moot. Likewise, Plaintiff's subsequent letter motion [DE 56], filed on March 23, 2016, is deemed moot for the same reason.

In response, Plaintiff primarily argues that "despite Defendant's insistence that the parties entered into a stipulation to waive their respective rights to move for summary judgment, no such stipulation exists," and that in any event, "the [Court's] Order does not state that the parties will not move for summary judgment, nor does it state that either side waives its right to move for summary judgment. Rather, the plain language of the Order evidences that on August 23, 2016, the parties did not intend to move for summary judgment." DE 52 at 1-2. In addition, Plaintiff maintains that to the extent the Court's Order memorializes an oral stipulation between the parties concerning waiver of summary judgment motion practice, "then the Order also binds the parties to utilize experts." *Id*. at 2. In that regard, Plaintiff argues that when Defendant, "without any explanation whatsoever, advised, via email, 'that the Defendant has decided against retaining an expert,'" it "anticipatorily repudiated" the alleged stipulation with the effect that "Defendant may not now seek to enforce the stipulation, and plaintiff not only is excused from further performance under the stipulation, but may also, at her option, treat the contract as terminated for all purposes of performance." *Id*. at 2-3. As such, Plaintiff urges the Court to deny Defendant's motion and permit her to proceed with summary judgment motion practice in accordance with Judge Spatt's Individual Rules. *Id*. at 4.

Oral Stipulations entered into on the record in open court "are treated as contracts to be construed in accordance with contract law principles." *In re MarketXT Holdings Corp.*, 336 B.R. 39, 58-59 (S.D.N.Y. 2006) (citing *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443-44 (2d Cir. 2005); *Rella v. N. Atl. Marine, Ltd.*, No. 02 Civ. 8573, 2004 WL 1418021, at *3 (S.D.N.Y. June 23, 2004); *see In re Petker & Buran Fur Corp.*, 201 B.R. 861, 863 (S.D.N.Y. 1996), *aff'd*, 104 F.3d 351 (2d Cir. 1996) ("A settlement agreement—including one made in open court—is a contract and is construed using contract law principles."). It follows that "parties are bound to

agreements entered into on the record in open court by an attorney who has actual or apparent authority to so act." *In re MarketXT Holdings Corp.*, 336 B.R. at 58-59; *see Pereira v. Sonia Holdings, Ltd. (In re Artha Mgmt., Inc.)*, 91 F.3d 326, 329 (2d Cir. 1996); *United States v. Int'l Bd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America,* 986 F.2d 15, 19 (2d Cir. 1993).

As with any other agreement, however, there must exist "a meeting of the minds between the parties on all essential terms." *Rella*, 2004 WL 1418021, at *3; *In re MarketXT Holdings Corp.*, 336 B.R. at 58-59; *see also Sprint Commc'ns Co. L.P. v. Jasco Trading, Inc.*, 5 F. Supp. 3d 323, 329 (E.D.N.Y. 2014) ("[P]arties are free to bind themselves orally, and the fact that they contemplate later memorializing their agreement in an executed document will not prevent them from being bound by the oral agreement . . . However, if the parties intend not to be bound until the agreement is set forth in writing and signed, they will not be bound until then."). "In determining intent, the court is not to look at the parties' after-the-fact professed subjective intent, but their objective intent as manifested by their expressed words and deeds at the time,' and only [i]f the parties' expressions and conduct would lead a reasonable man to determine that they intended to reach a binding agreement, their agreement will be enforced." *Stetson v. Duncan*, 707 F. Supp. 657, 666 (S.D.N.Y. 1988) (quoting *Reprosystem, B.V. v. SCM Corp.*, 522 F. Supp. 1257, 1275 (S.D.N.Y. 1981), *aff'd in part, rev'd in part on other grounds*, 727 F.2d 257 (2d Cir. 1984)); *see Blake v. Fiit Int'l, Inc.*, No. 05 CIV. 6150, 2007 WL 980362, at *6 (S.D.N.Y. Mar. 30, 2007). Courts generally favor stipulations because "strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process." *In re MarketXT Holdings Corp.*, 336 B.R. at 58-59; *In re Cuffee*, 232 B.R. 53, 56 (E.D.N.Y.), *aff'd*, 201 F.3d 430 (2d Cir. 1999).

Turning to the instant case, Defendant's argument (*i.e.*, that a stipulation existed between the parties to waive summary judgment motion practice and proceed to a trial by jury) rests exclusively on the content of the Court's colloquy with the parties during the August 23, 2016 conference in conjunction with certain language utilized by the Court in its Minute Order memorializing that conference. *See* DE 37 (August 23, 2016 Minute Order); DE 55-1 (Transcript of the August 23, 2016 before the Honorable A. Kathleen Tomlinson ("Tr.")). Specifically, during the conference, the following exchanges took place:

> MR. ARLEO: I would say, your Honor, that the defendant in this case (ui) would stipulate to this case that it could be a question for the jury, whether or not (ui) consumer would think that the creditor was not (ui). I think at this point, the defendant is ready for a jury trial.
>
> THE COURT: Okay.
>
> MR. ARLEO: Pending Judge Spatt's decision on the certification issue.
>
> THE COURT: Okay. Does that mean you're going to forego summary judgment?
>
> MR. ARLEO: Yes.
>
> MR. BARSHAY: From the plaintiff's point of view, Judge, all we need -- all we have to do is expert disclosure and then we're ready for trial as well.
>
> THE COURT: Expert disclosure?
>
> MR. BARSHAY: Yes.
>
> THE COURT: You're going to use an expert in the case?
>
> MR. BARSHAY: Yes.
>
> THE COURT: All right.

***

> THE COURT: So no summary judgment, I take it, yes? I want to just know that because if we need to, we need to schedule in the exchange of 56.1 statements. But if you're not going to move for summary judgment, I'm just going to put this schedule in place and we'll let Judge Spatt know that you're going to be coming up for trial purposes at that point.
>
> MR. ARLEO: Pending his decision on the certification.
>
> THE COURT: Yes, understood. Yes?
>
> MR. BARSHAY: Yes, your Honor.
>
> THE COURT: Okay, all right.

Tr. at 2-3, 5. Following the conference, the Court posted a Minute Order in which it stated, among other things, that "Counsel reiterated that they do not intend to take any fact depositions in this case. Nor do the parties intend to move for summary judgment. Both sides agree that the primary issue should be tried to a jury." DE 37 at 1.

After reviewing the transcript as well as the Minute Order, the Court does not find that a binding stipulation between the parties existed with regard to waiving summary judgment motion practice. The record of the August 23, 2016 conference indicates that Defendant had no intention of moving for summary judgment. *See* Tr. at 3. In addition, the transcript illustrates Plaintiff's acquiescence to forego summary judgment as of the date of the conference. *Id*. at 5.

However, nowhere in the transcript itself does Plaintiff, through counsel, explicitly indicate a desire to *waive* summary judgment motion practice and instead proceed directly to trial. Nor is there any dialogue concerning the parties' intent to enter into a stipulation concerning this issue. As stated above, in order to enter into a binding oral stipulation on the record, the parties must exhibit an express meeting of minds. *Rella*, 2004 WL 1418021, at *3; *In re MarketXT Holdings*

5

*Corp.*, 336 B.R. at 58-59. After reviewing the transcript, the Court is not convinced that this element has been satisfied here. Indeed, "there was no recitation of the terms of any agreement on the record in open court on [August 23, 2016], nor any discussion of the terms, or assent to any terms by any of the parties or their counsel . . . Without a voluntary, clear, explicit and unqualified stipulation from the parties, the Court declines to find that the parties were bound through counsel's representation[s]" during the August 23, 2016 conference. *Sprint Commc'ns Co. L.P.*, 5 F. Supp. 3d at 330-31. To be the sure, the fact that Plaintiff's counsel may have affirmatively answered the Court's query concerning foreging summary judgment motion practice, without more, Tr. at 5, is insufficient to transform such acquiescence into a binding stipulation. *See, e.g.*, *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007) (finding oral agreement binding where both parties "entered into a voluntary, clear, explicit, and unqualified settlement on the record in open court: Omnicom recited the terms of the agreement on the record, and Powell expressly assented on the record to those terms. . .").

"The significance of announcing the terms of an agreement on the record in open court is to ensure that there are at least some formal entries . . . to memorialize the critical litigation events, and to perform a cautionary function whereby the parties' acceptance is considered and deliberate . . . ." *Powell*, 497 F.3d at 131; *see Min v. Target Stores*, 553 F. Supp. 2d 218, 221 (E.D.N.Y. 2008). Here, despite the Court's colloquy with the parties, no such formal "announcement" of the terms of a purported stipulation occurred — let alone an explicit agreement to such terms by both parties. Therefore, the Court finds that no stipulation between the parties occurred during the August 23, 2016 conference regarding Plaintiff's waiver of summary judgment motion practice by the Plaintiff.

The Court acknowledges that Defendant, following the August 23, 2016, conference contemplated a defensive strategy that focused entirely on this case proceeding to trial, and expended resources in support of that strategy. However, Defendant cites no authority, nor is the Court aware of any, that would permit the Court to preclude Plaintiff from engaging in summary judgment motion practice merely because Defendant has spent a significant sum of money preparing this case for trial. *See* DE 51 at 3. Indeed, by way of analogy, "mere time, effort and money do [ ] not rise to the level of substantial prejudice" sufficient to defeat a motion to amend. *Oneida Indian Nation of N.Y. State v. Cty. of Oneida, N.Y.*, 199 F.R.D. 61, 78–79 (N.D.N.Y. 2000); *see BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 866 F. Supp. 2d 257, 274 (S.D.N.Y. 2012). Moreover, Defendant has not provided this Court with any basis to find that this general proposition should not be applied here. In the absence of such binding or persuasive authority, and based upon the fact that no stipulation otherwise exists here, the Court will permit Plaintiff to engage in summary judgment motion practice, in compliance with Judge Spatt's Individual Rules. As such, the Final Scheduling Order is amended as follows:

**FINAL SCHEDULING ORDER**:

- Moving party's Rule 56.1 Statement of Undisputed Facts must be served by: June 2, 2017

- Opposing party's Rule 56.1 Counterstatement must be served by: June 26, 2017

- Any letter request for a pre-motion conference to Judge Spatt for purposes of making a summary judgment motion must be filed by: July 11, 2017

- Proposed Joint Pre-Trial Order must be filed on ECF by: September 29, 2017

- <u>Pre-Trial Conference will be held on</u>: October 3, 2017 at 11 AM

Dated: Central Islip, New York
      May 1, 2017

**SO ORDERED.**

<u>/s/ A. Kathleen Tomlinson</u>
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge