UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LISA DATIZ,

                              Plaintiff,                             **ORDER**

       -against-                                          CV 15-3549 (ADS) (AKT)

INTERNATIONAL RECOVERY
ASSOCIATES, INC.,

                              Defendant.
---------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       On July 12, 2017, Defendant's counsel filed a letter motion seeking an "Order directing the Plaintiff to comply with the Defendant's request for receipt of the deposition transcript signed by Dr. [Alan] Perlman [Plaintiff's expert] before a notary public." DE 63 at 1. Defendant bases this request on the fact that Dr. Perlman appeared for his deposition on January 13, 2017, after which Defendant's counsel "forwarded the original transcript to attorney David Barshay, counsel for the Plaintiff, and requested that the transcript be sent to Dr. Perlman for his review and signature before a notary public." *Id*. According to Defendant's counsel, Plaintiff's counsel has not returned the transcript with Dr. Perlman's notarized signature. *See generally id*. The Court notes that Defendant's counsel has not cited any statutory authority or case law supporting the position he takes or the relief he requests.[1] As such, the Court has been left to its own independent inquiry. Having carefully considered the applicable Rules and case law, the Court is DENYING Defendant's motion.

---

[1] The Court points out to counsel that his submission, without any supporting authority, violates this Court's Individual Rules. Going forward, counsel is on notice that any future submissions that do not comply will be summarily rejected.

Rule 30(e) of the Federal Rules of Civil Procedure — which governs the review of deposition transcripts — controls this inquiry and reads as follows:

> **(e) Review by the Witness; Changes.**
>
> **(1)** *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> **(A)** to review the transcript or recording; and
>
> **(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> **(2)** *Changes Indicated in the Officer's Certificate.* The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e).  In addition, the 1993 Advisory Committee Notes clarify the Rule in pointing out that

> Reporters frequently have difficulties obtaining signatures--and the return of depositions--from deponents. Under the revision pre-filing review by the deponent is required only if requested before the deposition is completed. If review is requested, the deponent will be allowed 30 days to review the transcript or recording and to indicate any changes in form or substance. Signature of the deponent will be required only if review is requested and changes are made.

Fed. R. Civ. P. 30(e) 1993 Advisory Committee Notes.  Importantly, the Advisory Committee Notes clearly contemplate that a deponent's signature is only required in situations where review of the deposition is timely requested by the deponent or another party (*i.e.*, prior to the conclusion of the deposition) and where changes are ultimately made.  See Rule 30(e); *Dore v. Wormley*, 690 F. Supp. 2d 176, 178 n. 2 (S.D.N.Y. 2010) ("[A] deponent is required to sign the deposition transcript only if review of the transcript is requested before the deposition is completed and changes are made by the deponent.") (quoting *Merring v. Town of Tuxedo, N.Y.*,

No. 07 Civ. 10381, 2009 WL 849752, at *1 (S.D.N.Y. Mar. 31, 2009) (internal quotations omitted)).

Turning to the instant case, Defendant's counsel states that after receiving the transcript, he "forwarded the original transcript to attorney David Barshay, counsel for the Plaintiff, and requested that the transcript be sent to Dr. Perlman for his review and signature before a notary public." DE 63 at 1. Defense counsel's motion is otherwise silent as to whether the request for such review was made *prior to* the completion of the deposition and, if so, whether upon reviewing the transcript Dr. Perlman made any changes which would otherwise require his notarized signature. *See* Rule 30(e); *Ogbon v. Beneficial Credit Servs., Inc.*, No. 10 CIV. 3760, 2013 WL 1430467, at *2 n. 2 (S.D.N.Y. Apr. 8, 2013) ("[A] deponent is required to sign the deposition transcript *only if* review of the transcript is requested before the deposition is completed and changes are made by the deponent.") (quoting *Wormley*, 690 F. Supp. 2d at 178) (emphasis added); *E.E.O.C. v. Nat'l Cleaning Contractors, Inc.*, No. 90 CIV. 6398, 1996 WL 278078, at *2 (S.D.N.Y. May 23, 1996) (same); *see also Samad Bros., Inc. v. Bokara Rug Co.*, No. 09 CIV. 5843, 2012 WL 43613, at *6 (S.D.N.Y. Jan. 9, 2012) ("Rule 30(e) of the Federal Rules of Civil Procedure permits a deponent to make changes to his transcripts within thirty days of the date the transcript is available for review. The witness may make changes 'in form or substance' and then must sign a statement listing the edits and the reasons for making them.") (internal citations omitted).

Since Defendant's counsel has not provided any information or documentation showing that Defendant has otherwise met the necessary prerequisites (as set forth in Rule 30(e)) for obtaining a signature from the deponent, this Court will not issue an Order directing Plaintiff's counsel to do anything further. Surely, Defendant's counsel could have spent some time

looking into this issue on his own to come up with the same information the Court has instead of filing a bare-bones letter motion.

Significantly, notwithstanding this ruling, the Court points out that Defendant will suffer no prejudice here since "[t]he fact that [Dr. Perlman] did not sign the deposition transcript does not . . . make it inadmissible, as a deponent is required to sign the deposition transcript only if review of the transcript is requested before the deposition is completed and changes are made by the deponent." *Ogbon v*, 2013 WL 1430467, at *2 n. 2; *Dore*, 690 F. Supp. 2d at 178 n. 2 (same); *see Nat'l Cleaning Contractors, Inc.*, 1996 WL 278078, at *2 ("Although Roldan did testify that she understands spoken English but cannot read it perfectly or write it, the fact that she did not sign the transcript does not make it inadmissible:  Under Fed. R. Civ. P. 30(e), a deponent is required to sign the deposition transcript only if review of the transcript is requested before the deposition is completed and changes are made by the deponent.").  As such, Defendant is free to rely on Dr. Perlman's deposition testimony in support of its summary judgment motion since the mere fact that the transcript has not been signed does not otherwise impugn its evidentiary impact.

For the foregoing reasons, Defendant's motion is hereby DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
July 24, 2017

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge

4