UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
LISA DATIZ,

                Plaintiff,

   -against-

INTERNATIONAL RECOVERY ASSOCIATES, INC.

                Defendant.
-------------------------------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER**
15-cv-3549 (ADS)(AKT)

**APPEARANCES:**

**Sanders Law, PLLC**
*Attorneys for the Plaintiff*
100 Garden City Plaza
Suite 500
Garden City, NY 11530
     By:   Craig B. Sanders, Esq.,
             David M. Barshay, Esq., Of Counsel

**The Law Office of Robert L. Arleo, Esq.**
*Attorney for the Defendant*
380 Lexington Avenue
17th Floor
New York, NY 10168
     By:   Robert L. Arleo, Esq., Of Counsel

**SPATT, District Judge**:

      This action arises out of a letter that the Defendant International Recovery Associates, Inc. (the "Defendant") sent to the Plaintiff Lisa Datiz (the "Plaintiff") to collect a debt that she owed to John T. Mather Hospital for medical expenses. The Plaintiff alleged various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

      The parties' cross-motions for summary judgment are presently pending before the Court upon referral to United States Magistrate Judge A. Kathleen Tomlinson.

1

On July 9, 2018, counsel for the Defendant filed a letter, which made two requests. First, counsel asked that the Court inquire as to whether any of his law clerks took any notes during the pre-motion conference conducted on July 31, 2017 so that counsel could use any statements made by the Court in support of his opposition to the Plaintiff's motion for summary judgment. Second, counsel once again asked this Court to strike the portion of its memorandum of decision and order dated January 4, 2017 stating that "[r]ather than litigate the merits of the case, the Defendant has sought to use any procedural vehicle under the sun to create 'protracted and expensive litigation.'" (Mem. of Dec. and Order dated Jan. 4, 2017 (ECF No. 44) (quoting *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 172 (S.D.N.Y. 1987))). For the following reasons, both of counsel's requests are denied.

The Court finds counsel for Defendant's first request to be wholly improper. Counsel in essence requests that the Court turn over its own internal documents to defense counsel. Counsel's request does not give any legal support for his request that the Court turn over its own documents. The Court has never heard of such a request. In essence, a private litigant is asking the Court to turn over its own internal documents. The Court will not disclose whether or not its law clerks took notes during a conference. If they did, they are solely for the Court's own purposes, and not to be turned over to litigants for their ends. To say that the Court is surprised by this unusual request is an understatement.

In addition, in this regard, the pre-motion conference was not conducted on the record. If the Court expressed any opinions regarding the merits of the parties' motions, they were made with a view towards attempting to reach a settlement. In no way was the Court making any official ruling regarding the parties' motions. Indeed, the Court always takes pains to inform counsel that they have an absolute right to make a motion for summary judgment, and the Court would never

chastise a party for making such a motion.  The Court most certainly did not make any "judicial merit" statements at the conference.  Therefore, that request is denied.

As to the second request, the Court will not strike its statement from its January 17, 2017 order the statement that "[r]ather than litigate the merits of the case, the Defendant has sought to use any procedural vehicle under the sun to create 'protracted and expensive litigation.'"  (Mem. of Dec. and Order dated Jan. 4, 2016 (quoting *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 172 (S.D.N.Y. 1987))).  First, as the Plaintiff points out, the Court already denied this request from the Defendant more than a year ago.  The Court denied it without prejudice and directed the Plaintiff to file a formal motion.  Rather than obey the Court's order, the Defendant has again filed a letter motion asking that the Court strike that portion of its order.

Second, counsel has shown that the Court's statement appears to have been correct.  Despite admonishments from both this Court and Magistrate Judge A. Kathleen Tomlinson, counsel for the Defendant continues to file superfluous letter requests.

Therefore, counsel's second request is also denied.

Accordingly, counsel for Defendant's requests are denied in their entirety.

It is **SO ORDERED:**

Dated:  Central Islip, New York

July 31, 2018

*/s/ Arthur D. Spatt*

ARTHUR D. SPATT

United States District Judge