**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
LISA DATIZ,

                    Plaintiff,

          -against-

INTERNATIONAL RECOVERY
ASSOCIATES, INC.

                    Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:15-cv-03549 (ADS)(AKT)

**FILED**
**CLERK**
9/24/2018 11:56 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**APPEARANCES:**

**Sanders Law, PLLC**
*Counsel for the Plaintiff*
100 Garden City Plaza, Suite 500
Garden City, NY 11530
      By:    Craig B. Sanders, Esq.
               David M. Barshay, Esq., Of Counsel.

**Robert L. Arleo, Esq., Of Counsel.**
*Counsel for the Defendant*
380 Lexington Avenue 17th Floor
New York, NY 10168

**SPATT, District Judge**:

      Plaintiff Lisa Datiz (the "Plaintiff") brings the instant action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Specifically, the Plaintiff asserts a violation of Section 1692g(a)(2) based on a collection letter's failure to adequately identify the name of the creditor to whom the Plaintiff owed a debt, and a violation of Section 1692e based on the collection letter's failure to clearly and accurately identify the creditor to whom Plaintiff's debt is owed.

1

Between September 12, 2017 and October 26, 2017, the parties filed their respective motions for summary judgment. *See* ECF 67–75.

On March 28, 2018, the Court referred the parties' cross-motions for summary judgment to United States Magistrate Judge A. Kathleen Tomlinson for a Report and Recommendation as to whether the motions should be granted. ECF 79.

On July 27, 2018, Judge Tomlinson issued a Report and Recommendation ("R&R") recommending that the Defendant's motion for summary judgment be denied and that the Plaintiff's motion for summary judgment be granted. ECF 93.

On August 10, 2018, the Defendant served objections to the R&R, ECF 95, which the Plaintiff replied to on August 14, 2018, ECF 95.

For the foregoing reasons, the Court denies the objections, and adopts the R&R in its entirety.

## I. DISCUSSION

### A. THE STANDARD OF REVIEW

In the course of its review of a magistrate judge's report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1); *see DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The district court must conduct a de novo review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept,

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F.Supp.2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent ... that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07–Civ.–6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14CV3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, ––– Fed.Appx. –––, No. 17-383-cv, 2018 WL 258793 (2d Cir. Jan. 2, 2018); *Frankel v. City of N.Y.*, Nos. 06-Civ.-5450, 07-Civ.-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, ... the Court reviews the [R&R] only for clear error" (internal citations omitted)).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F.Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "There is no

increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (*quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992)).

B. APPLICATION TO THE FACTS

### 1. As to Whether the Plaintiff Stipulated to Proceed to Trial by Jury

The Defendant argues that representations by Plaintiff's counsel at an August 23, 2016 discovery conference precluded Judge Tomlinson from finding that the "least sophisticated consumer" standard should be applied as a matter of law. ECF 95 at 1–2. Specifically, the Defendant argues that Judge Tomlinson failed to consider the "manifest injustice" resulting from this finding, apparently due to the fact the Plaintiff's counsel stated at the conference that the Plaintiff would proceed to allow a jury to determine whether or not the Defendant's collection letter violates the FDCPA by failing to set forth the name of the creditor. *Id.* The Defendant makes the conclusory assertion that this fact renders the "lawsuit beyond unique and required a proper consideration thereof in order to avoid a manifest injustice to the Defendant." *Id.* at 2.

This is not a proper objection to the R&R. The Defendant cites no law, and provides no explanation, illuminating why consideration of the representations by Plaintiff's counsel would have resulted in a different outcome on this discrete issue. *See IndyMac Bank, F.S.B.*, 2008 WL 4810043, at *1 (explaining that clear error review applies when objecting party "makes only conclusory or general arguments").

Rather, the Defendant is essentially attempting a collateral attack on Judge Tomlinson's ruling denying the Defendant's May 3, 2017 motion to compel the Plaintiff to forego summary judgment papers in favor of a jury trial. *See* ECF 95 at 2 ("These representations are made notwithstanding the fact that Magistrate Judge Tomlinson previously denied the Defendant's

4

motion to compel the Plaintiff to proceed to a trial by jury (Dkt No. 60). Defendant strongly disagrees with this holding yet nothing in the ruling eradicated Mr. Barshay's statements made at the August 23, 2016 discovery conference.").

The Defendant, however, waived any such objection. Rule 72(a) requires parties to object to a magistrate judge's decision on a non-dispositive matter within fourteen days, subject to the waiver of those objections upon review by the district court. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008); *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 517 (S.D.N.Y. 2013). Here, the limitations period for objecting to Judge Tomlinson's order on the motion to compel expired well before the parties moved for summary judgment, and the Defendant cannot convert its disagreement into its objections to the R&R.

Therefore, the Court finds that Judge Tomlinson did not commit a clear error by failing to take into account the representations by the Plaintiff's counsel at the August 23, 2016 discovery conference.

### 2. As to Whether the Least Sophisticated Consumer Standard Is a Question of Fact or Law

The Defendant asserts that Judge Tomlinson failed to consider record evidence when applying the least sophisticated consumer standard. Specifically, the Defendant objects to Judge Tomlinson's determination that the least sophisticated consumer standard is a matter of law to be decided by the Court, apparently contrary to *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128 (E.D.N.Y. 2007) and *Beeman v. Lacy, Katzen, Ryen & Mittleman*, 892 F. Supp. 405 (N.D.N.Y. 1995). The Defendant does not argue that Judge Tomlinson ignored or overlooked such authority, but rather takes issue with her disagreement with these cases in light of "general trend in this Circuit treating the application of the least sophisticated consumer standard as a matter of law for

5

the court." ECF 95 at 3. This objection is subject to clear error review, because it is an explicit attempt to re-litigate arguments considered and rejected by Judge Tomlinson.

Having reviewed the authority cited in the R&R, the Court finds that Judge Tomlinson did not commit clear error by finding that "[b]ased on the observable trend in the case law of this Circuit, this Court is satisfied that the parties' cross-motions for summary judgment present only questions of law, and are therefore amenable to disposition on summary judgment." R&R at 17; *see also Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237-38 (2d Cir. 1998) ("[C]ourts have increasingly treated as questions of 'law,' various judgments about the way in which the 'least sophisticated consumer' would interpret particular debt collection claims"); *Vega v. Credit Bureau Enterprises*, No. 02-CV-1550, 2005 WL 711657, at *9 (E.D.N.Y. Mar. 29, 2005) ("[H]ow the least sophisticated consumer would interpret the defendant's form debt collection letter can be determined without the aid of expert testimony at trial."); *Nicholson v. Forster & Garbus LLP*, No. 11-CV-524, 2013 WL 2237554, at *3 n.6 (E.D.N.Y. May 17, 2013) ("The Court rejects plaintiff's argument that it must allow a jury to determine whether defendants' conduct was misleading. . . . Whether a communication by a debt collector is misleading to the least sophisticated consumer is an objective question that may be determined by the Court as a matter of law.").

### 3. As to Whether the Least Sophisticated Consumer Standard is Objective or Subjective

The Defendant objects to Judge Tomlinson's refusal to take into account the subjective circumstances of the particular debtor in question when applying the least sophisticated consumer standard. Specifically, the Defendant argues that Judge Tomlinson improperly failed to abide by the Second Circuit's ruling in *DiMatteo v. Sweeny, Gallo, Reich & Bolz, L.L.P.*, 619 Fed. Appx. 7 (2d Cir. 2015). However, the Defendant concedes that this objection is an argument already made

before Judge Tomlinson. *See* ECF 95 at 4 ("The Defendant made the argument that the least sophisticated consumer standard should be limited to the least sophisticated consumer who received medical services from John T. Mather Hospital."). Judge Tomlinson addressed *DiMatteo* in the R&R, and found that it did not weigh in on the present dispute. *See* R&R at 22 n.11. Therefore, the Defendant's contention that Judge Tomlinson should have applied the least sophisticated consumer standard in a subjective, fact-specific way is subject to clear error review.

The Court finds that Judge Tomlinson did not commit clear error by declining to "apply the least sophisticate[d] consumer standard in a novel manner -- subjectively, as Defendant appears to request -- simply because the record contains an expert report and expert testimony." *Id.* at 21; *see also Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) ("By its very nature . . . the least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question, and it was error for the district court to rely on such circumstances here."); *Berger v. Suburban Credit Corp.*, No. 04 CV 4006, 2006 WL 2570915, at *3 (E.D.N.Y. Sept. 5, 2006) ("[T]he determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law because the standard is an objective one." (citing Schweizer, 136 F.3d at 237-38)); *Vega*, 2005 WL 711657, at *9 (E.D.N.Y. Mar. 29, 2005) ("[H]ow the least sophisticated consumer would interpret the defendant's form debt collection letter can be determined without the aid of expert testimony at trial.").

**4. As to the Defendant's Remaining Objections**

For the reasons described above, the Court also finds that Judge Tomlinson did not commit clear error with regards to the Defendant's objections that "Magistrate Judge Tomlinson was incorrect in citing those cases set forth under the heading 'C' in the R&R entitled 'Recent FDCPA decisions (sic.) [because] none of those decisions contained an expert report which favored the

Defendant" and that Judge Tomlinson failed to "meaningfully analyze the Defendant's arguments regarding the expert report and testimony." *Id.* at 5–6.

To the contrary, Judge Tomlinson resolved these arguments by determining that the least sophisticated consumer standard was (1) a matter of law to-be-decided by the Court and (2) not subject to modification based on subjective factors specific to the Plaintiff. Further, Judge Tomlinson explained: "even were the Court to consider the expert report and deposition testimony of Dr. Perlman, none of that information mandates the denial of both motions -- let alone an award of summary judgment for Defendant -- as Defendant argues." R&R at 18.

Therefore, the Court finds that these objections are subject to clear error review, and finds no clear error in Judge Tomlinson's decision, as they are simply revised versions of the arguments already addressed. *See White v. Prof'l Claims Bureau, Inc.*, 284 F. Supp. 3d 351, 360 (E.D.N.Y. 2018) (finding for the plaintiff on summary judgment where the defendant's collection letter contained only a single reference to the creditor-medical institution, at the top right-hand corner of the letter, following "Re:", and, despite referencing the institution as the defendant's "client," failed to explicitly identify who owned the plaintiff's debt); *McGinty v. Professional Claims Bureau, Inc.*, 2:15-CV-4356 (SJF) (ARL), slip op. at 16 (E.D.N.Y. Jan. 2, 2018) (finding that, in the absence of an explicit reference to a "creditor," and without more than one reference to the creditor entity or any other information identifying the relationship between the creditor and the debt collector, letters "fail[ed] to implicitly or explicitly identify the creditor to whom the subject debts are owed clearly enough that the least sophisticated consumer would be likely to understand"); *Diaz v. Professional Claims Bureau, Inc.*, 2:16-CV-2184 (ADS) (SIL), slip op. at 14 (E.D.N.Y. Nov. 27, 2017) (ruling on summary judgment that a collection letter containing only a single reference to the plaintiff's creditor, "on the subject line on the top right corner of the page,

which reads, 'Re: NSLIJ HEALTH SYS-SOUTHSIDE' and an opaque reference to [the defendant's] 'client,'" violated Section 1692g(a)(2)).

## II. CONCLUSION

For the foregoing reasons, the Court adopts the R&R in the entirety and denies the objections. The Court **DENIES** the Defendant's motion for summary judgment and **GRANTS** the Plaintiff's motion for summary judgment, in accordance with the R&R. Pursuant to 15 U.S.C. § 1692k, the Court awards the Plaintiff $1,000 in statutory damages. The Plaintiff's counsel is directed to move for attorney's fees and/or costs no later than 30 days from the entry of this Order.

**SO ORDERED**.

Dated: Central Islip, New York

September 24, 2018

  /s/ Arthur D. Spatt  

ARTHUR D. SPATT

United States District Judge