***ROBERT L. ARLEO, ESQ. P.C.***
380 Lexington Avenue, 17th Floor
New York, N.Y. 10168

Telephone: (212) 551-1115                                                                 Fax: (518) 751-1801
Email: robertarleo@gmail.com

May 31, 2020

Hon. Denis R. Hurley
United States District Court Judge
United States District Court, E.D.N.Y.
 100 Federal Plaza
Central Islip, New York   11722

                    Re:  Datiz v. International Recovery Associates, Inc.
                        15-cv-03549  (DRH)(AKT)

Dear District Judge Hurley:

   Please consider this letter to serve as a reply to the Plaintiff's "opposition" (Dkt No. 162) to my request to modify a portion of the Memorandum of Decision and Order (MDO)(Dkt. No. 130), issued on April 29, 2019 by District Judge Arthur Spatt, which denied the Defendant's motion to disqualify him.

   In the Plaintiff's "opposition", Jonathan Cader, one of her many attorneys of record, feigns a misunderstanding as to the basis for the modification request. The basis of the modification request is demonstrated by a portion the Plaintiff's objections to the fees Report and Recommendation (R&R)(Dkt. No. 158). On page 14 therein the Plaintiff, after referencing to the subject *Ohlson* and *Thomasson* recusal decisions, incorrectly claims as follows:

> "Continuing, Judge Spatt said "it is particularly noteworthy that the judges in those cases excoriated Mr. Arleo about the inappropriateness of his behavior.""

As I have set forth many times in this action since the recusal MDO was issued by Judge Spatt, including in my request to modify letter dated May 26, 2020 to Your Honor, this statement is simply incorrect because Your Honor did not excoriate the undersigned in conjunction with *Ohlson*. The verbatim two quotations by District Judge Spatt, which follow his incorrect statement, conveys the further false impression that Your Honor authored one of the quotations in conjunction with *Ohlson*, thus the need for the modification. Notwithstanding, and despite being the attorney whose signature appears on the Plaintiff's objections to the fees R&R, Mr. Cader now asserts at the end of the third paragraph on the first page of the "opposition" as follows:

> "More specifically, Judge Spatt's decision cited *Ohlson* solely to note that this Court denied a motion filed by Defendant's counsel to disqualify Your Honor in that case. Judge Spatt cited *Thomasson* for the same premise, and then quoted directly from that decision."

This assertion is demonstrated to be false by a contradicting assertion set forth in Mr. Cader's very own attorney work product. Judge Spatt did not cite to *Ohlson* solely to note that Your Honor denied the recusal motion in that case. Instead, Judge Spatt improperly used *Ohlson* to convey an impression that multiple judges, included Your Honor, have "excoriated" the undersigned counsel in conjunction with recusal motions.

   As set forth in my letter dated May 26, 2020, the modification is proper under the "inherent power" of the federal courts. The U.S. Supreme confirmed over a century ago that a federal court has inherent power to amend its records, to correct mistakes committed by the clerk of the court *or other officer of the court* (italics added), inadvertencies of counsels or to supply defects or omissions on the record. *Gagnon v. United States*, 193 U.S. 451, 456 (1904). Judge Spatt, an officer of the court, mistakenly intertwined two recusal decisions to the continuing deep detriment of the undersigned, thus Your Honor has the power to effect the requested modification in order to correct that mistake. In the modification order, I respectfully ask Your Honor to also confirm that the Ninth Circuit Court of Appeals placed into context the true nature of the undersigned's criticism of Judge Burns, as same is reflected in *Thomasson v. GC Servs. Ltd. P'ship*, 321 Fed. App'x 557, 559 (9th Cir. 2008), that the Ninth Circuit therein also reversed Judge Burn's summary judgment ruling which compelled the recusal motion, and that Judge Burns thereafter recused himself from that action and directed it reassigned to another district court judge.

                                                            Respectfully submitted,

                                                            / s / *Robert L. Arleo*

                                                            Robert L. Arleo

RLA:gra
cc: All attorneys of record via ECF
    International Recovery Associates, Inc.