```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LISA DATIZ,
                                                              ORDER ADOPTING REPORT
                              Plaintiff,                      AND RECOMMENDATION AS
                                                              MODIFIED
         -against-                                            15-cv-3549 (DRH)(AKT)

INTERNATIONAL RECOVERY
ASSOCIATES, INC.,

                              Defendant.
----------------------------------------------------------X
```

**APPEARANCES**

**BARSHAY SANDERS PLLC**
For Plaintiff
100 Garden City Plaza, Suite 500
Garden City, New York 11530
By:   Craig B. Sanders, Esq.
      David M. Barshay, Esq.
      Jonathan M. Cader, Esq.

**ROBERT L. ARLEO**
For Defendants
380 Lexington Avenue, 17th Fl.
New York, NY 10168
By:   Robert L. Arleo, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Presently before the Court is the Report and Recommendation of Magistrate Judge A. Kathleen Tomlinson, dated March 12, 2020, recommending that Plaintiff's motion for attorneys' fees be granted in part and denied in part ("R&R"). (ECF No. 151.) Specifically, Magistrate Judge Tomlinson recommended that this Court award Plaintiff $80,615.00 in attorneys' fees and

Page **1** of **14**

$400.00 in costs in connection with her Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") action against Defendant.

Both Plaintiff and Defendant have filed objections to certain portions of the R&R. Defendant raises four objections: "1) the Report's rejection of the Fifth Circuit's 'special circumstances' exception to the Fair Debt Collection Practice[s] Act (FDCPA) fee shifting provision (referred to as the 'unusual circumstances' exception in the Third and Fourth Circuits); 2) the Report's refusal to reduce attorneys fees based upon Plaintiff's frivolous motion for sanctions against the undersigned attorney for the Defendant; 3) the Report's refusal to reduce attorneys fees based upon Plaintiff's attorneys agreement to proceed to trial by jury, then retaining an alleged expert, and then withdrawing the agreement to proceed to trial by jury and, instead, moving for summary judgment; and 4) the Report's awarding of $80,615 in attorneys fees to the Plaintiff." (Def.'s Obj. [ECF No. 157] at 1.) Plaintiff objects to the R&R on the basis that it was error to reduce her attorneys' fees by sixty percent and that a reduction in the ten to thirty percent range would be more appropriate. (Pl.'s Obj. [ECF No. 158] at 1.)

Also before the Court are Defendant's request for a pre-motion conference in anticipation of a motion to modify a portion of Judge Arthur D. Spatt's April 29, 2019 Memorandum Decision and Order (ECF No. 130) ("Judge Spatt's Order") in this case and Plaintiff's request for a pre-motion conference in anticipation of a motion for additional attorneys' fees. (ECF Nos. 161, 163.)

For the reasons stated below: (1) the R&R is adopted, as modified, by changing the recommended 60% reduction in Plaintiff's attorneys' fee request to a demonition of 40%, (2) Defendant's request with respect to modifying Judge Spatt's Order of April 29, 2019 is denied,

and (3) Plaintiff's request asking for additional attorneys' fees for services provided after the current application was submitted is held in abeyance.

## BACKGROUND

I adopt Magistrate Judge Tomlinson's very thorough overview of the procedural history and facts of this case and assume the parties' familiarity with the same. I state only some of the very long procedural history as context for the motions before me now.

In short, Plaintiff Lisa Datiz ("Plaintiff") commenced this action against International Recovery Associates, Inc. ("Defendant") for violations of the FDCPA. (Am. Compl. [ECF No. 17].) In particular, Plaintiff's claims are based on the content of a collection letter that Defendant delivered to Plaintiff in order to collect a debt. (*Id.*)

On August 4, 2016, Judge Spatt, who presided over the case at the time, granted Defendant's motion to dismiss two of Plaintiff's FDCPA claims and denied Defendant's motion as to two FDCPA claims based on Defendant's failure to adequately identify the creditor to whom Plaintiff owed a debt in the collection letter. (Aug. 4, 2016 Mem. Decision and Order [ECF No. 33].) After a number of intervening applications, which are detailed in the R&R, the parties filed cross motions for summary judgment. On September 24, 2018, Judge Spatt, adopting Magistrate Judge Tomlinson's recommendation, granted summary judgment to Plaintiff and denied Defendant's motion. (Sept. 24, 2018 Mem. Decision and Order [ECF No. 97].) Judge Spatt awarded Plaintiff $1,000 in statutory damages, which was later reduced to $500 after Defendant moved for reconsideration. (Apr. 29, 2019 Mem. Decision and Order [ECF No. 130].)

In accordance with Judge Spatt's direction following his decision on summary judgment, Plaintiff filed a motion for attorneys' fees and costs on November 30, 2018 to recover fees for

services provided by her counsel, Barshay Sanders. (ECF No. 113). Judge Spatt referred that motion to Magistrate Judge Tomlinson, whose report and recommendation on the motion is the subject of this decision.

Following the summary judgment decision, Defendant attempted to remove Judge Spatt from the case, both by writing letters to then-Chief Judge Dora L. Irizarry and by filing a motion for Judge Spatt to recuse himself from the case. Though he initially denied Defendant's motion, Judge Spatt ultimately recused himself on December 17, 2019. (Order of Recusal [ECF No. 150].) The case was then randomly reassigned to me.[1]

## DISCUSSION

### I. Standard of Review

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a *de novo* determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b). If, however, the objecting party "makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008). For those portions of a report and recommendation to which no objections are made, the Court also applies a clear error standard. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

---

[1] The Court is compelled to clarify a statement in Defendant's objection. Defendant states that Judge Spatt "reassigned this action to this Court." (Def.'s Obj. at 2.) Though not clear from the face of the docket entry noting Judge Spatt's recusal and the reassignment to me, Judge Spatt did not assign this action to me. After he recused himself, the case was randomly reassigned to me through the Court's standard reassignment process.

Plaintiff argues that the clear error standard should apply to Defendant's arguments because, even though they are not "'verbatim' recitations of Defendant's opposition, they are substantively identical." (Pl.'s Obj. at 17.) Defendant argues that the Court should review the objections on a *de novo* basis. (Def.'s Obj. at 7-8.) The Court will address the relevant standard of review for each objection based on whether it asserts a specific objection or conclusory, general arguments.

## II.     The R&R Is Adopted as Modified

### a.  The Objection Based on "Special Circumstances" is Rejected

The Court reviews this issue *de novo* because Defendant's objection specifically discusses the perceived errors in Judge Tomlinson's reasoning. Under a *de novo* review, the Court adopts Magistrate Judge Tomlinson's recommendation on this issue.

A consumer who prevails in a FDCPA action is entitled to recover "the costs of the action, together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1692k(a)(3). As Magistrate Judge Tomlinson explained in the R&R, the Second Circuit views the FDCPA attorney's fees provision as mandatory for successful plaintiffs. (R&R at 11 (collecting cases).) Nonetheless, Defendant argues that this Court should follow the Third, Fourth, and Fifth Circuits in finding an exception to the FDCPA's mandatory attorneys' fees provision based on "special" or "unusual circumstance" because "Plaintiff submitted a grossly intolerable, exaggerated and dishonest fees request." (Def.'s Obj. at 8.)

Besides the fact that this Court is not bound by the law of any circuit other than the Second Circuit, the "special circumstances" exception is not applicable here. Defendant relies primarily on a Fifth Circuit case, *Davis v. Credit Bureau of the South*, which notes that it applied the "special circumstances" exception in that case "largely based on the district court's finding of bad faith conduct on the part of plaintiff and her counsel: 'It appears this cause of action was created by

counsel for the purpose of generating, in counsel's own words, an 'incredibly high' fee request.'" 908 F.3d 972, 978-979 (5th Cir. 2018). The plaintiff in *Davis* engaged in objectively outrageous conduct such as claiming to be from a different state to manufacture her claim, which she did in conjunction with attorneys who were her former employers. *Id.* at 980. Though Barshay Sanders' fee estimate was problematic in certain respects, as will be discussed in more detail below, the conduct displayed by Plaintiff or her counsel in this case could not be categorized as bad faith such that their conduct constitutes a "special circumstance."

Defendant also argues that the cases Judge Tomlinson relied on "did not consider the special/unusual circumstances argument." (Def.'s Obj. at 9.) The Court is not persuaded by this argument because, as Magistrate Judge Tomlinson clearly explained, and the court in *Davis* acknowledged, the Second Circuit views the attorney's fees provision of the FDCPA as mandatory. (R&R at 11 (collecting cases).) Indeed, even *Davis* acknowledges that a "complete denial of otherwise *generally mandatory* attorney's fees is a rare and drastic sanction." 908 F.3d at 981 (emphasis added). In the absence of Second Circuit law to the contrary, I find that the "special circumstances" exception does not apply and therefore adopt Judge Tomlinson's R&R on this issue.

### b. The Objection Based on the Sanctions Motion is Rejected

Defendant argues that Plaintiff should not be reimbursed for what it views as a "frivolous" motion for sanctions against its attorney, Robert Arleo. (Def.'s Obj. at 11.) Because Defendant's objection on this issue is merely one paragraph that repeats prior arguments advanced in various submissions to Judge Spatt and Magistrate Judge Tomlinson, the Court reviews this part of the R&R for clear error.

A review of the relevant docket entries reveals that, although Plaintiff's motion for sanctions was not granted, it was certainly not frivolous or baseless. Judge Spatt's description of Mr. Arleo's

conduct suggests the opposite: "much of Mr. Arleo's conduct over the course of this litigation is regrettable, and borderline frivolous;" "much of Mr. Arleo's behavior is unseemly;" "the Court has serious misgivings about Mr. Arleo's behavior." (Judge Spatt's Order at 17, 18, 19.) Ultimately, Judge Spatt found that Mr. Arleo's behavior, while problematic, did not "f[a]ll below 'the low water mark' articulated in [*Revson v. Cinque & Cinque P.C.*, 221 F.3d 71 (2d Cir. 2000)]." (Judge Spatt's Order at 19.) Accordingly, the Court does not agree with Defendant that Plaintiff's motion was frivolous or baseless. Defendant presents no other argument as to why the fees associated with the sanctions motion should be excluded from the attorneys' fees in this case. The Court therefore rejects Defendant's objection and adopts the R&R with respect to this issue.

### c. The Objection Based on Plaintiff's Refusal to Proceed to Jury Trial is Rejected

Defendant argues that Plaintiff's counsel should not be paid for fees caused by its "refusal…to proceed to trial by jury after [Mr. Barshay] committed to trial by jury in court before Magistrate Judge Tomlinson." (Def.'s Obj. at 11.) The Court reviews this issue for clear error because, as with the objection based on the motion for sanctions, Defendant has not presented any new arguments but rather rehashed his previous submissions on this issue.

Defendant has previously attempted to enforce an alleged stipulation between the parties to forego summary judgment and proceed to a jury trial. As discussed in Magistrate Judge Tomlinson's May 1, 2017 Order regarding the alleged stipulation, which order was issued after both parties had the opportunity to present arguments, "nowhere…does Plaintiff, through counsel, explicitly indicate a desire to *waive* summary judgment motion practice and instead proceed directly to trial. Nor is there any dialogue concerning the parties' intent to enter a stipulation concerning this issue." (May 1, 2017 Order [ECF No. 60] at 5 (emphasis in original).) Thus, the Court rejects Defendant's argument,

which is a thinly veiled attempt to simply reargue Magistrate Judge Tomlinson's previous decisions regarding the alleged stipulation and adopts the R&R on this issue.

### d. The Objections to the Attorneys' Fees Award are Granted in Part and Rejected in Part

Both parties object to the amount of attorneys' fees that Magistrate Judge Tomlinson awarded Plaintiff, though, predictably, for opposing reasons—Plaintiff argues that the award is too low while Defendant argues it is too high. The Court reviews this issue, which goes to the heart of the R&R, *de novo*.

Defendant argues that because "Magistrate Judge Tomlinson referenced [] two FDCPA decisions which reduced fees by 75% and 90%, respectively," that "the maximum which should have been recommended is 10% of the total requested." (Def.'s Obj. at 12-13.) Beyond that, Defendant does not point to any specific errors in Magistrate Judge Tomlinson's ruling on the amount of fees. Plaintiff, on the other hand, argues that the recommended sixty percent reduction in fees is excessive and not supported by the cases cited in the R&R, most of which reduce attorneys' fees by ten to thirty percent.

As has been noted in the R&R and the various submissions, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). This amount is also referred to as the "lodestar" and creates "a presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008). A reasonable hourly rate is the "prevailing market rate," or the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 1981 (1984). The number of reasonable hours is calculated

by taking the hours actually expended less any "excessive, redundant, or otherwise unnecessary" time. *Hensley*, 461 U.S. at 433. "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Dagostino v. Computer Credit, Inc.*, 238 F. Supp. 3d 404, 413 (E.D.N.Y. 2017) (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

Upon a *de novo* review, the Court agrees with Magistrate Judge Tomlinson as to the rates to be charged per attorney in this case: $370 per hour for partners David M. Barshay and Craig B. Sanders; $240 per hour for senior associate Jonathan M. Cader; $150 per hour for junior associate Eric A. Curtis; and $85 per hour for paralegal-equivalent work. These rates are supported by Plaintiff's submissions, and Plaintiff does not dispute these rates in her objection. (Pl.'s Mot. for Attorneys' Fees [ECF No. 117] at 4-5; Pl.'s Obj.)

This Court, again upon a *de novo* review, generally agrees with, and therefore adopts, Magistrate Judge Tomlinson's findings with respect to Barshay Sanders' billing practices in this action. In particular, the Court agrees with the characterization of factors that led to the decision to reduce Plaintiff's requested fees, *viz.*: (1) work performed by senior attorneys for "basic or intermediate tasks which could have been undertaken by a junior associate or paralegal at a significantly reduced hourly rate;" (2) "the work performed in this action is duplicative of that which counsel has undertaken in similar FDCPA cases," thereby lessening the need for additional research and analysis; (3) "a significant portion of the hours billed by Plaintiff's counsel are excessive when compared to the straightforward nature of the case and the collective experience of counsel;" (4) "the time records are replete with redundant internal consultations as well as overstaffing, either by

multiple attorneys or by overly qualified attorneys, in addition to reflecting duplicative work;" (5) numerous instances of block billing; and (6) limited success by Plaintiff. (R&R at 24-30.)

Nonetheless, as Plaintiff points out, the vast majority of cases cited in the R&R found reductions in the ten to thirty percent range. *See, e.g., Litkofsky v. P & L Acquisitions, LLC*, 2016 WL 7167955, at *12 (E.D.N.Y. Aug. 19, 2016), *report and recommendation adopted sub nom. Litkofsky v. P & L Acquisitions LLS*, 2016 WL 7168069 (E.D.N.Y. Dec. 8, 2016) (reducing Barshay Sanders' fees in FDCPA action by twenty-five percent); *Seeger v. Ross & Assocs.*, 2019 WL 5695944, at *6 (E.D.N.Y. Aug. 6, 2019) (reducing Barshay Sanders' fees in FDCPA action by twenty percent); *Nicaisse v. Stephens & Michaels Assocs., Inc.*, 2016 WL 4367222, (E.D.N.Y. June 9, 2016), *report and recommendation adopted*, 2016 WL 4275687 (E.D.N.Y. Aug. 12, 2016), (reducing fees by ten percent); *Barshay v. Specified Credit Assocs. I, Inc.*, 2016 WL 3578993, at *5 (E.D.N.Y. June 3, 2016) (reducing Barshay Sanders' fees in FDCPA action by twenty percent); *Chavez v. MCS Claim Servs., Inc.*, 2016 WL 1171586 (E.D.N.Y. Mar. 23, 2016) (reducing Barshay and Sanders' fees in FDCPA action by thirty percent); *De La Paz v. Rubin & Rothman, LLC*, 2013 WL 6184425 (S.D.N.Y. Nov. 25, 2013) (reducing fees by thirty percent); *Dickey v. Allied Interstate, Inc.*, 2013 WL 4399212 (S.D.N.Y. Aug. 1, 2013) (reducing fees by twenty percent); *Microsoft Corp. v. Computer Care Ctr., Inc.*, 2008 WL 4179653 (E.D.N.Y. Sept. 10, 2008) (reducing fees by one third); *Gatti v. Cmty. Action Agency of Greene Cty., Inc.*, 263 F. Supp. 2d 496, 523 (N.D.N.Y. 2003), *aff'd sub nom. Gatti v. Cmty. Action of Greene Cty., Inc.*, 86 F. App'x 478 (2d Cir. 2004) (reducing fees for individual attorneys between ten and thirty-five percent); *Sea Spray Holdings, Ltd. v. Pali Fin. Grp., Inc.*, 277 F. Supp. 2d 323, 324 (S.D.N.Y. 2003) (reducing fees by ten percent); and *Video Aided Instruction, Inc. v. Y & S Express, Inc.*, 1996 WL 711513 (E.D.N.Y. Oct. 29, 1996) (reducing fees for one of three attorneys by fifty percent). While these cases may not have exhibited the full suite of all

six factors identified in the R&R and listed above, many of these cases did involve some combination of similar billing irregularities.

Nonetheless, the Court is mindful that much of the work Plaintiff's counsel was required to perform in connection with this action was prompted by Defendant's litigation strategy. As has been noted in the R&R and the parties' submissions, this seemingly simple FDCPA case has almost 170 docket entries at the time of this decision, in large part because of Defendant's zealous defense. As the R&R notes, a party "'cannot litigate tenaciously and then be heard to complain about the time necessarily spent by [its adversary] in response.'" *Bleecker Charles Co. v. 350 Bleecker Street Apartment Corp.*, 212 F. Supp. 2d 226, 229 (S.D.N.Y. 2002) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 580, n.11, 106 S. Ct. 2686, 91 L.Ed.2d 466 (1986)).

While Barshay Sanders' billing practices may have driven up the attorneys' fees here, they would not have had occasion to bill so many hours had defense counsel not made numerous, sometimes problematic, submissions to the court that they were required to review and respond to. On the other hand, I am mindful that Barshay Sanders has been admonished in other FDCPA actions for many of the same billing practices at issue here, and that counsel cannot continue to submit inflated fee estimates to this or any other court. Accordingly, in light of the above considerations and upon a *de novo* review, I find that forty percent is an appropriate reduction to Barshay Sanders's attorneys' fees.

The Court therefore awards Plaintiff's counsel $120,916.00 in attorneys' fees as follows:

| Individual | Hours Requested | Hours Awarded (40% Reduction) | Hourly Rate | Total |
|---|---|---|---|---|
| David Barshay | 335.7 | 201.4 | $370 | $74,518.00 |
| Craig Sanders | 169.0 | 101.4 | $370 | $37,518.00 |
| Jonathan Cader | 52.1 | 31.26 | $240 | $7,502.40 |

| Eric Curtis | 11.0 | 6.6 | $150 | $990.00 |
| --- | --- | --- | --- | --- |
| Paralegal | 7.6 | 4.56 | $85 | $387.60 |
| | | | Total Attorneys' Fees: | $120,916.00 |

e. **Defendant's Request Regarding New Evidence is Denied**

Defendant argues that the Court should consider new evidence along with its objections to the R&R because it was denied the opportunity to present said evidence to Magistrate Judge Tomlinson. (Def.'s Obj. at 14.) Plaintiff argues that the Court should not consider the new evidence because it is not "new" in that most of the information presented predated the motion for attorneys' fees and that it does not show any error in the R&R. (Pl.'s Obj. at 18.)

Defendant acknowledges that "[c]ourts generally do not consider new evidence presented for the first time in objections to a report and recommendation without a compelling justification for the failure to first present the evidence to the Magistrate Judge" but argues that "impediment is not present" here because it was denied the opportunity to submit additional evidence. (Def.'s Obj. at 14 (citing *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 338 (S.D.N.Y. 2018)).) Indeed, Magistrate Judge Tomlinson ordered the parties to "CEASE and DESIST making any further submissions in connection with the pending motion for attorneys' fees" because the parties made submissions after the motion was fully briefed without obtaining leave from the court. (Docket Entry dated July 15, 2019.)

The new "evidence" that Defendant proffers is essentially other cases in which Barshay Sanders has made submissions regarding its billing practices, which Defendant introduces to prove the point that Barshay Sanders regularly requests an hourly rate higher than the one it is often awarded by the courts in this district and that it bills more time than necessary to complete certain

tasks. (Def.'s Obj. at 13-23.) Defendant also introduces additional cases to bolster its arguments about the amount of fees Plaintiff should be awarded.

The Court rejects this presentation of "new evidence" for what it is—a backdoor attempt to present additional case law and reargue the merits of the motion for attorneys' fees. The allegedly new evidence is simply further support for points Defendant has already made in its briefs, and allowing this type of submission flies in the face of judicial economy and fairness to the parties. *See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review.") Accordingly, the Court does not consider Defendant's new evidence.

### III. Mr. Arleo's Request to Modify Judge Spatt's Order Is Denied

Mr. Arleo makes the highly unusual request that this Court modify Judge Spatt's Order to "clarify certain incorrect findings set forth" in a portion of that decision regarding "judicial comments" made by other judges, including myself, about Mr. Arleo.[2] (Def.'s Pre-Mot. Conf. Req. [ECF No. 161] at 1.) In particular, Mr. Arleo appears to contend that Judge Spatt incorrectly attributed language from one case, *Thomasson v. GC Servs., L.P.*, 2007 WL 2317111 (S.D. Cal. Aug. 9, 2007), to one of my cases, *Ohlson v. Cadel Co.*, 2009 WL 5167651 (E.D.N.Y. Dec. 18, 2009).

As an initial matter, the Court is compelled to note that Defendant's pre-motion request was duplicative of arguments it made in its objection to the R&R and is precisely the type of unnecessary

---

[2] With respect to Defendant's reply to Plaintiff's opposition to the request to modify Judge Spatt's order (ECF No. 164), I remind Mr. Arleo that my individual practice rules state "[u]nless otherwise directed, no replies shall be served or filed." (Individual Practice Rule 3B). Mr. Arleo is directed to abide by all applicable rules and to seek leave from the Court before making unauthorized filings.

filing discussed so frequently in Judge Spatt and Judge Tomlinson's decisions in this case. In addition to being duplicative, the request is inappropriate and, more importantly, unwarranted. Judge Spatt properly quoted the language of the *Thomasson* case referenced in Defendant's letter and properly attributed that language to the *Thomasson* case. Further, Mr. Arleo's contention that Judge Spatt "ignored" Defendant's motion for reconsideration is incorrect. The docket reflects that Judge Spatt addressed the request, which he denied for failure to present "controlling decisions or data that the court overlooked." (Docket Entry dated May 2, 2019). Accordingly, Mr. Arleo's request that I modify Judge Spatt's order is denied.

**IV.    Plaintiff's Request to Move for Additional Fees Is Held in Abeyance**

On May 28, 2020, Plaintiff filed a letter requesting a pre-motion conference in anticipation of moving for additional attorneys' fees incurred in the time since she filed her initial motion for attorneys' fees. Given that there may be additional motion practice in this case, *see* Docket Entry dated June 4, 2019, the Court will hold Plaintiff's request in abeyance until the parties represent to the Court that there will be no further motion practice or other submissions in this case.

## CONCLUSION

For the foregoing reasons, the R&R is adopted as modified to award Plaintiff's counsel attorneys' fees in the amount of $120,916.00 plus $400 in costs for a total award of $121,316.00. Defendant's request to modify Judge Spatt's Order is denied and Plaintiff's request for additional attorneys' fees is held in abeyance.

Dated: Central Islip, New York          s/ Denis R. Hurley
       July 7, 2020                             Denis R. Hurley
                                                   United States District Judge